# ATLANTIC AND PACIFIC RAILROAD COMPANY
## v. LAIRD.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 64.  Submitted October 27, 1896. — Decided November 30, 1896.

The complaint in this case charged that the Atchison, Topeka and Santa Fé Company and the plaintiff in error, corporations of the State of Massachusetts, were, at the time of the injury complained of, jointly operating a railroad; that the defendant was travelling upon it with a first class ticket; and that by reason of negligence of the defendants an accident took place which caused the injuries to the plaintiff for which recovery was sought. The answers denied joint negligence, or joint operation of the road, and admitted that the plaintiff in error was operating it at the time.. A trial resulted in a verdict in favor of the Atchison Company and against the plaintiff in error. On the trial the complaint was amended by substituting "second class" for "first class" ticket, and that the charters were by acts of Congress, and to the complaint so amended the statute of limitations was pleaded. A judgment on the verdict was set aside and an amended complaint was filed in which the plaintiff in error was charged to have done the negligent acts complained of, and recovery was sought against it. A second trial resulted in a verdict against the company. *Held,*

(1) That the action was *ex delicto;* that the defendants might have been sued either separately or jointly; that recovery might have been had, if proof warranted against a single party; and that the amend-

> ment, dismissing one of two joint tort feasors, and alleging that
> the injury complained of was occasioned solely by the remaining
> defendant, did not introduce a new cause of action;
>
> (2) That the amendment stating that the plaintiff was travelling upon a
> second class ticket instead of a first class ticket, and that the
> plaintiff in error was chartered by an act of Congress instead of
> by a statute of Massachusetts, as originally averred, did not state
> a new cause of action.

THE action below was originally brought in a state court
in California against the plaintiff in error and the Atchison,
Topeka and Santa Fé Railroad Company to recover damages
for personal injuries sustained on November 3, 1890, by the
derailment of a train of cars upon which the plaintiff was
a passenger. It was alleged in the complaint that each of
defendants was a corporation of the State of Massachusetts;
that they jointly owned and operated a described line of rail-
road; that plaintiff was a passenger on one of the trains com-
ing westward on said line of railroad, holding and travelling
upon a first class ticket entitling her to travel between named
stations, and the liability of the defendants was claimed to
arise by reason of alleged negligence, both in the construction
of the road and in the management of the train. Upon the
several applications of the defendants, the cause was trans-
ferred to the Circuit Court of the United States for the
Southern District of California. In that court answers were
filed denying that the defendants were jointly guilty of
the negligence complained of or that they jointly operated
the line of railroad described in the complaint, but admitting
that the defendant, the Atlantic and Pacific Railroad Com-
pany, was operating the road. The cause was tried for the
first time in November, 1892, and resulted in a verdict for
plaintiff against the Atlantic and Pacific Railroad Company,
and in favor of the Atchison Company. On the trial the
plaintiff was allowed to amend her complaint by alleging that
the ticket upon which she was travelling was a "second class"
ticket instead of, as alleged in the original complaint, a "first
class" ticket. To the cause of action stated in the complaint
as thus amended the defendants pleaded a statute of limita-
tions of two years. Judgment was entered on the verdict,

but this judgment was subsequently set aside, with leave to the plaintiff to amend her complaint. On February 7, 1893, a second amended complaint was filed, in which the Atlantic and Pacific Railroad Company was charged to have owned and operated the line of railroad in question, and to have done the negligent acts averred in the original complaint. An attack upon this pleading was made in the trial court by motion to strike from the files, by demurrer, by motion for judgment upon the pleadings, and by special requests for directions to the jury upon the second trial of the case. The ground of all such attacks was that the pleading set up a new cause of action, against which the statute of limitations had run at the time of the filing of such pleading. The cause was tried for the second time in April, 1893, and a verdict was again rendered against the Atlantic and Pacific Railroad Company. A judgment upon such verdict was subsequently affirmed by the Circuit Court of Appeals. 15 U. S. App. 248. By writ of error such judgment of affirmance was brought to this court for review.

*Mr. A. T. Britton, Mr. A. B. Browne* and *Mr. C. N. Sterry* for plaintiff in error.

*Mr. George H. Smith, Mr. Frank H. Short* and *Mr. Edwin A. Meserve* for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

It is not controverted that under section 339 of the Code of Civil Procedure of California a cause of action of the character of that set forth in the various complaints filed on behalf of plaintiff was required to be instituted within two years after the cause of action accrued.

The question to be determined, therefore, is whether the trial court erred in holding that the amendments effected by the second amended complaint did not set up a new cause of action; for, if the second amended complaint stated a distinct and independent cause of action, the bar of the statute

should have been allowed to prevail. *Union Pacific Railway Company* v. *Wiley*, 158 U. S. 285.

The contention of the plaintiff in error that there was a departure resulting from the amended petition is based upon two propositions: 1, that the parties defendant in the original complaint were sued jointly *ex quasi contractu*, and were liable only upon proof of a joint contract, whilst the amended petition proceeded upon a contract made only by one and a different person than those originally sued; and, 2, because certain averments in the petition as to the place of incorporation of plaintiff in error and as to the character of ticket upon which the plaintiff travelled changed the cause of action.

We will discuss these two contentions separately.

1. *Was the action stated in the original complaint one against the defendants as distinct and separate corporations, or against them as a single entity or artificial being, and what was the nature of the cause of action?*

It is urged by the plaintiff in error that as the complaint, after alleging that the defendants jointly owned and operated the line of road in question and jointly committed the alleged negligent acts, charged that they together " were a common carrier of passengers on said road," that such allegation must be construed as an averment that the defendants were a single company, and that it cannot be assumed that one or the other, by itself, had capacity to violate any duty of a common carrier of passengers, or that either had power to sue or be sued separately and alone from the other.

This construction of the complaint is obviously a forced and unnatural one. In the caption of the complaint the two defendants were designated as distinct corporations and several defendants, while in separate paragraphs each defendant was alleged to be a corporation, duly incorporated under the laws of the State of Massachusetts, and having its principal place of business outside of the State of California. Soon after the filing of the complaint each defendant presented its separate application for removal of the cause to the Federal court. In that of the Atchison, Topeka and Santa Fé road it was averred that it was a corporation organized, existing

and doing business under and by virtue of the laws of the State of Kansas. The Atlantic and Pacific Company averred in its application that it was a corporation duly created, organized and existing under an act of Congress, which, it was expressly alleged, authorized it to construct and operate, as a common carrier of passengers and freight, certain described lines of railroad, including the line of railroad upon which plaintiff received her injury. The answer filed on behalf of the defendants was " joint and several," and it was therein admitted that the defendant, the Atlantic and Pacific Company, plaintiff in error here, was operating the line of railroad in question. The case presented by the complaint, giving to the language employed the reasonable inferences which it should receive, was one where each of two corporations was proceeded against as a common carrier of passengers, exercising their respective corporate powers concurrently, the two corporations acting together, just as several individuals might have done.

Looking then to the averments of the complaint, we find it stated that the defendants, as common carriers, jointly owned and operated a described line of railroad; that on November 3, 1890, the plaintiff was a passenger on a train of cars then being run by the defendants, which train was derailed and thrown from the track and the plaintiff injured. Was this an action *ex quasi contractu* as now claimed?

Before proceeding to answer this question, we observe that it seems manifest, from the attacks originally made upon the amended complaint, that this claim is an afterthought. The motion to strike from the files, demurrer, answer and motion for judgment upon the pleadings proceeded upon the assumption that the cause of action stated in both complaints was subject to a limitation of two years, whereas it did not appear upon the face of the complaint, but that the agreement, if any, made by the alleged contract was entered into in the State of California, in which event the statutory limitation for commencing the action would have been four years. The fact that a written contract was executed in Ohio, which it is claimed was established on the

trial, was not at any time specially set up as a defence to the amended complaint.

It is clear that the original complaint is not susceptible of the construction now attempted to be given to it.. Though it is alleged that the plaintiff was the holder of and travelling upon a certain ticket, no undertaking or promise by the defendants was averred, nor is there any allegation of the breach of any undertaking or promise. The reference to the ticket joined with the allegation immediately preceding it, that the plaintiff was a passenger on the described line of railroad, was evidently introduced by the pleader to show the existence of the relation of passenger and carrier between the plaintiff and the defendants. Because of such relation the duty to exercise due care in the carriage of the passenger was imposed upon the defendants, and from the recital of the negligent acts. committed arose the implication of the failure of the defendants to perform that legal duty. As said by Martin, B., in *Legge* v. *Tucker*, 1 H. & N. 500, 501 :

" In the case of carriers, the custom of the realm imposes on them a duty to carry safely, and a breach of that duty is a breach of the law, for which an action lies founded on the common law, and which does not require a contract to support it.".

*Legge* v. *Tucker* was in form an action on the case for the negligence of a livery stable keeper in the care and custody of a horse. It was held that the foundation of the action was a contract, and that whatever way the declaration was framed it was an action of assumpsit. The line which distinguishes the case at bar from an action *ex quasi contractu* is thus expressed in the remarks of Watson, B., who said (p. 502):

" The action is clearly founded on contract. Formerly, in actions against carriers, the custom of the realm was set. out in the declaration. Here a contract is stated by way of inducement, and the true question is, whether, if that were struck out, any ground of action would remain. *Williamson* v. *Allison*, 2 East. 452. There is no duty independently of the contract, and therefore it is an action of assumpsit."

The doctrine is very clearly expressed in *Kelly* v. *Metro-*

*politan Railway Company*, (1895) 1 Q. B. 944, where the Court of Appeals held that an action brought by a railway passenger against a company for personal injuries caused by the negligence of the servants of the company, while he was travelling on their line, was an action founded upon tort. In reading the judgment of the court, A. L. Smith, L. J., said (p. 947):

" The distinction is this — if the cause of complaint be for an act of omission or nonfeasance which, without proof of a contract to do what has been left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort."

So, in the case at bar, there was a duty shown, independently of contract; and the trial court, looking at the allegations of a complaint which had not been demurred to, solely for the purpose of determining the propriety of an amendment, was manifestly justified in holding that the right to recover was not founded upon the breach of a contract, but upon the neglect of a common law duty. The action therefore was *ex delicto*, and the defendants, being joint tort feasors, might have been sued either separately or jointly at the election of the injured party, and if, upon the trial, the proof warranted, a recovery might have been had against a single defendant. *Sessions* v. *Johnson*, 95 U. S. 347.

The right of recovery against one of several joint tort feasors thus existing is in principle analogous to the rule declared by Chitty at page 386 of his work on pleading, to the effect that in torts the plaintiff may prove a part of the charge if the averment be divisible and there be enough proof to support his case. This is illustrated at page 392, where Chitty says:

" In an action *ex delicto*, upon proof of part only of the injury charged, or of one of several injuries laid in the same count, the plaintiff will be entitled to recover *pro tanto*, pro-

vided the part which is proved afford *per se* a sufficient cause of action, for torts are, generally speaking, divisible."

As, therefore, in an action against joint tort feasors recovery may be had against one, it follows that allegations alleging a joint relationship and the doing of negligent acts jointly are divisible, and that a recovery may be had where the proof establishes the connection of but one of the defendants with the acts averred. The case also comes within the principle of the rule alluded to by Chitty, Ib. 393, that " a general averment, including several particulars, may be considered *reddendo singula singulis*." He instances the case of a declaration for a false return to a *fi. fa.* against the goods of A and B, wherein it was alleged that A and B had goods within the bailiwick, and it was held to be sufficient to prove that either of them had, the averment being severable.

But even though the action was founded upon a contract, under the rules of practice in California a recovery might have been had against either defendant. Thus, in *Shain* v. *Forbes*, 82 California, 577, which was an action against two defendants to recover compensation for professional services alleged to have been rendered for them jointly by an attorney at law, pending the action one of the defendants died. It was argued that the testimony of a certain witness, not being admissible against the representatives of the deceased defendant, was not competent for any purpose, because the action was joint, and that no several judgment could be rendered against the surviving defendant. To this argument the Supreme Court answered :

" It is true that the rule contended for existed at common law, but from the earliest time it has been changed by statute in this State. The code provides: 'Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may, when the justice of the case requires it, determine the ultimate right of the parties on each side, as between themselves.' Id. § 578. And this was but a reënactment of section 145 of the old practice act. Under this provision it has been held that where two persons are sued jointly upon a joint contract,

judgment may be rendered in favor of the plaintiff against one of the defendants, and in favor of one of the defendants against the plaintiff. *Rowe* v. *Chandler,* 1 Cal. 168; *Lewis* v. *Clarkin,* 18 Cal. 399; *People* v. *Frisbie,* Id. 402. . . . In our opinion a several judgment might have been rendered against McPherson."

It results that if the nature of the action was not changed, the amendment merely dismissing one of two joint tort feasors and alleging that the injury complained of was occasioned solely by the remaining defendant did not introduce a new cause of action.

2. *Did the amendments stating that the plaintiff was travelling upon a " second class " ticket instead of, as stated in the original complaint, a " first class " ticket, and that the Atlantic and Pacific Company was chartered by an act of Congress instead of by the laws of Massachusetts, as averred in the original complaint, state a new cause of action ?*

The changes made clearly were not of the essence of the cause of action, and could in nowise have injuriously prejudiced the Atlantic and Pacific Company. Amendments of this character were plainly allowable. The Code of California, section 471, virtually forbids amendments only where the allegation of the claim or defence would be changed in its general scope and meaning. Illustrations of the construction given to these provisions are found in several cases. *Smullen* v. *Phillips,* 92 California, 408, was an action of slander, and the words charged to have been spoken were, " He is a thief." The proof introduced at the trial was that the words uttered were, " That thieving ——, he stole $2500 from me, and I can prove it." An amendment of the complaint was at once allowed over the objection of the defendant that the statute of limitations barred the cause of action as thus amended. The Supreme Court of California held that the scandalous words alleged in the original complaint were not qualified or altered in their sense or meaning by those proven to have been used by the defendant, that the cause of action remained the same, and that the amendment simply obviated a variance between the allegations and the proof.

In *Redington* v. *Cornwell*, 90 California, 49, it was held that as the original complaint declared on two notes, alleging that they were given "for value received," and were assigned by indorsement, and also alleged facts from which an equitable assignment would result, an amended complaint which omitted the allegation of indorsement and alleged that the debt was for money loaned and for a balance due on account, set up substantially the same cause of action, the averment as to value received being equivalent to the more specific allegations of the items of money loaned and due on account.

In *Bogart* v. *Crosby*, 91 California, 278, the complaint in an action against a firm of real estate agents to recover money deposited on a verbal contract of sale which had been rescinded was amended by making the owners of the land defendants, and alleging that defendants were an association of two or more persons doing business under a common name. A second amended complaint was filed, alleging that only the agents constituted the association, and both amendments charged all the defendants with having received the deposit from plaintiff and to his use.

The court said (p. 281):

"It is claimed by appellants that the cause of action stated in the last amended complaint is, as against appellants, essentially different from that alleged in the first amended complaint, and that, as it was not filed within two years after the cause of action accrued, the same is barred by the provision of subdivision 1 of section 339 of the Code of Civil Procedure. We do not agree with appellants in this contention; the difference between the first and second amended complaint is not so marked that the latter can be deemed the statement of an entirely new and different cause of action against the appellants. In both amended complaints the appellants are charged with having received from plaintiff, and to his use, the money sued for, and with a refusal to pay it to plaintiff when demanded."

As we hold that the dismissal of the Atchison Company did not operate to change the cause of action against the other corporation, and that the allegations of the second

amended complaint substantially counted upon the same wrong charged in the original complaint, to wit, a neglect of duty causing injury to plaintiff while travelling as a passenger, upon a ticket, in a train of cars over a described line of railroad, and between specified stations, it results that the judgment of the Circuit Court of Appeals was right, and it is

*Affirmed.*