L. B. DENMAN v. CHICAGO, BURLINGTON & QUINCY RAIL-
ROAD COMPANY.

FILED JUNE 15, 1897.   No. 7395.

1. **Limitation of Actions: CONTRACTS.** The period of limitations for
   an action on a written contract is five years.

2. **Carriers of Goods: CONTRACTS OF SHIPMENT: BREACH: REMEDIES.**
   One with whom a carrier has made a contract for transporting
   his goods, may, in case of breach, elect to sue for damages for
   failure to perform the public duties of a carrier, or he may waive
   the tort and sue for breach of the special contract.

3. ———: ———: TIME. A contract of carriage which contains no
   specified time for performance, implies, as one of its terms, per-
   formance within a reasonable time, and an action may be main-
   tained on the contract for unreasonable delay in performance.

4. ———: ———: ———: PLEADING. A petition which alleges what is
   the reasonable and usual time for transporting goods and that the
   goods were not transported in that time but were unreasonably
   delayed, states in that respect a cause of action. Justifiable delay
   beyond the usual and ordinarily reasonable time is matter of de-
   fense.

5. ———: ———: ACTION FOR BREACH. An action to recover for
   breach of contract of carriage is not for a liability created by
   statute within the meaning of section 11, Code of Civil Procedure,
   because of the duties imposed on railroad companies by chapter
   16, section 111, Compiled Statutes.

ERROR from the district court of Saunders county.
Tried below before WHEELER, J.   Reversed.

*Clark & Allen* and *Good & Good*, for plaintiff in error.

*J. W. Deweese, A. G. Greenlee*, and *F. E. Bishop*, contra.

IRVINE, C.

This was an action by Denman against the railroad
company to recover for loss suffered by reason of delay
in the transportation of certain cattle for the plaintiff.
The suit was originally brought in the county court, ap-
parently against the Burlington & Missouri River Rail-
road in Nebraska. An amended petition was filed against

the defendant company, which appeared to the action. This amended petition was filed December 9, 1892, which date we must accept as that of the commencement of the action against this defendant. The cause was appealed to the district court, and the petition there filed discloses on its face that the cause of action accrued in April, 1888. At the commencement of the trial the defendant objected to the introduction of any evidence because the petition did not state a cause of action, because it disclosed that the cause of action did not accrue within four years, and for another reason going solely to the measure of damages and clearly not available as defeating the action altogether. The court sustained the objection and directed a verdict for the defendant. The question presented is whether the action, as stated in the petition, is for breach of a written contract or whether it is for a statutory liability or in tort. If the former, the period of limitations is five years, and the action was not barred. (Code of Civil Procedure, sec. 10.) If the latter, the period is four years, and the action was barred. (Code of Civil Procedure, sec. 11.)

The petition alleges that on the 31st day of March, 1888, the plaintiff made a contract in writing with the defendant wherein the defendant agreed to transport 100 cattle for plaintiff from South Omaha to Chicago; that the defendant received the cattle on that date for transportation; that the usual, ordinary, and reasonable time required for transportation was from twenty-four to thirty-six hours; that the defendant, in violation of its contract, "unreasonably and negligently delayed the transportation of said cattle * * * and did not deliver said cattle at Chicago until the 4th day of April, 1888, and more than forty-eight hours after the time when said cattle should have been delivered at Chicago in the usual and customary course of transportation." This is followed by allegations of special damages. The written contract referred to is attached to and made a part of the petition and contains the following: "And in con-

sideration of free transportation for —— persons given by the railroad, such persons to accompany the stock, it is agreed that the cars containing the stock are in sole charge of such person or his agents, for the purpose of attention and protection to the stock while in transit, and the company assumes no responsibility for safety of stock in charge of the shippers or his agents, whether from theft or cold, jumping from car, injury in loading or unloading, injury which stock may do to themselves, or which may arise from the reasonable delay of trains, or from any other cause except those occurring by reason of gross negligence of the company." This was signed by both parties. Certainly, so far as it is in the power of the pleader under the Code to select his form of action, this petition counts in contract and not in tort. But it is said that the question must be determined by the substance of the petition and not by the form of words employed. True; but one with whom a carrier has made a contract to transport his goods has his election in case of breach to sue either for damages for failure to observe the public duty enjoined on the carrier, or to waive the tort and sue for breach of the special contract. The plaintiff clearly elected to pursue the latter course, and if there should prove to be any difference in the liability of the carrier in the two cases, in the rules of evidence or in the measure of damages, the plaintiff would be bound by his election and confined to those rules governing cases *ex contractu*. The case was pleaded as one of breach of a written contract and did not appear on the face of the petition to be barred.

It is contended, however, that, viewed as an action *ex contractu*, the contract alleged does not specify any time for performance, and the petition therefore states no cause of action. The law of the state is a part of every contract, and a contract for the transportation of chattels, especially live stock, implies an agreement to transport within a reasonable time. A citation of cases would be futile. (See, however, those cited in 2 Am. & Eng.

Ency. of Law, 841, and 3 Am. & Eng. Ency. of Law, 16c.) Moreover, the special contract expressly provided that the carrier should not be liable for damages arising from "reasonable delay of trains." This implies as strongly as if expressed in words a liability for unreasonable delay. The petition alleges that the reasonable time for transportation was from twenty-four to thirty-six hours; that these cattle were "unreasonably and negligently" delayed, and that they were shipped March 31st and not delivered until April 4th. Perhaps there might be a reasonable delay from storms, floods, or similar causes beyond the ordinary time, but this would be a matter of defense. Plaintiff was not compelled to anticipate and negative all such defenses in his petition.

Finally, it is urged that the action is on a liability created by statute and must, therefore, be brought within four years. The statute invoked is chapter 16, section 111, Compiled Statutes, providing that "any railroad company receiving freight for transportation shall be entitled to the same rights and be subject to the same liabilities as common carriers." We take it that section 11 of the Code, fixing the period of limitations for actions "upon a liability created by statute other than a forfeiture or a penalty," does not apply to every case where a party invokes a statutory provision to establish his right. The statute in question creates no specific liability. It merely declares the common law and fixes the status of a railroad as a common carrier. If it provided a special remedy, non-existent in the absence of statute, section 11 of the Code might apply.

REVERSED AND REMANDED.