### DOREMUS v. ROOT et al.

(Circuit Court, D. Washington, S. D.    May 22, 1899.)

1. MASTER AND SERVANT—ACTION FOR PERSONAL INJURY—JOINDER OF DEFENDANTS.

    Although a master and his servant, through whose culpable negligence another is injured, may each be liable for such injury, their obligations rest upon different grounds, and they cannot be held jointly liable.

2. REMOVAL OF CAUSES—ACTION OF TORT AGAINST SEVERAL DEFENDANTS—SEVERABLE CONTROVERSIES.

    An action to recover unliquidated damages for a personal injury caused by negligence, though the negligence complained of may constitute a breach of contract on the part of defendant, is an action ex delicto, governed by the law of torts; and the plaintiff may join several as defendants, and, if the evidence sustains his complaint against one only, may recover against that one and dismiss as against the others. In such case, defendants, though sued as though jointly liable, and although the complaint shows affirmatively that they are not jointly liable, cannot recast the issues tendered by the complaint, and divide the cause so as to present separate controversies as to each.[1]

3. SAME—PLEADING.

    When the right to remove a cause depends upon the nature of the controversy and the questions to be litigated, the complaint alone is to be considered for the purpose of ascertaining the nature of the controversy and the questions involved; and, although the defendants may by their pleadings introduce new matter and raise additional questions, they cannot so change the case as to make it cognizable in a federal court, if it was not so when commenced.

4. SAME—JOINDER OF DEFENDANTS TO PREVENT REMOVAL.

    Where two defendants are sued together, and plaintiff demands judgment against both, the court cannot assume that either one of them is the real party against whom the plaintiff intends to prosecute his action, and that the other has been joined merely for the fraudulent purpose of depriving the real defendant of his right of removal. In order to sustain the jurisdiction of the federal court on that ground, it is necessary for the removing defendant to allege and prove such fraudulent purpose.

Action at law to recover damages for a personal injury, commenced in the superior court for the state of Washington, and removed to the United States circuit court by the defendant the Oregon Railroad & Navigation Company on the ground of a separable controversy.    Heard on motion to remand.

M. O. Reed, for plaintiff.

W. W. Cotton, for defendant Oregon R. R. & Nav. Co.

HANFORD, District Judge.    The plaintiff sues to recover damages for a personal injury suffered by him while employed in the operation of the Oregon Railroad & Navigation Company's railroad, through alleged negligence.    The complaint charges the defendants jointly with negligence and wrongful conduct producing the injury, but it is apparent from the recital in the complaint that the two defendants could not have been joint actors, so as to become jointly liable, as in cases where several persons actively participate in the commission of a trespass.    If the defendant Root is guilty of any wrong,

---

[1] For separable controversy as ground for removal, see note to Robbins v. Ellenbogen, 18 C. C. A. 86.

it is his personal, culpable neglect of a duty which, by reason of his position in the service of his co-defendant, he was obligated to perform personally. The employer is not guilty of any wrong, and cannot be held liable to the plaintiff, otherwise than by application of the principle that a servant in the transaction of the employer's business is to be regarded as the employer's instrument, and his torts and misfeasances which are connected with his employer's business are imputed to the employer. Although the employer and his negligent servant, whose culpable misconduct causes an injury, may each be liable to respond in damages, their obligations rest upon different grounds. Therefore they cannot be jointly liable.

The attempt of the Oregon Railroad & Navigation Company to remove this case from the state court in which it was commenced, into this court, is based upon the assumed ground that there is a separable controversy; and it is argued that because the complaint shows affirmatively that the defendants cannot be jointly liable to the plaintiff, and as each defendant may pursue an entirely separate and independent course in defense of the action, there is necessarily a separable controversy, and said defendant, being a citizen of another state and nonresident of this state, may claim the right of removal. This sounds plausible, but I think that the decision of the supreme court in the case of Powers v. Railway Co., 169 U. S. 92–103, 18 Sup. Ct. 264, lays down a rule which constrains me to hold otherwise. See Creagh v. Society, 88 Fed. 1. As the identical question in this case has been presented to this court a number of times, and been argued with great persistence, and as this court has at different times made contrary rulings, I will endeavor in this opinion to state exactly the controlling propositions and rules which I understand to be now established by the decisions of the federal courts. They are as follows:

1. An action to recover unliquidated damages for a personal injury caused by negligence, although the negligence complained of amounts to a breach of contract on the part of the defendant, belongs to the class of cases denominated "actions ex delicto." The tort is the ground of action, and the law of torts must govern the case. In such a case the plaintiff may join several as defendants, and if upon the trial he fails to sustain his complaint against all, but does sustain it against one of them, he may dismiss as to the others, and recover against the one found to be liable. Railway Co. v. Laird, 164 U. S. 393–403, 17 Sup. Ct. 120.

2. In such an action against several defendants sued as if they were jointly liable to the plaintiff, they must all meet the plaintiff upon the ground chosen by him; and, even though the complaint shows affirmatively that they have not acted jointly in such a manner as to incur a joint liability, still they cannot divide the cause so as to present a separate controversy as to the separate acts of each. The defendants are not permitted to recast the issues tendered by the complaint, so as to make several lawsuits in place of the one case which the plaintiff has elected to prosecute against them all jointly. Little v. Giles, 118 U. S. 596–608, 7 Sup. Ct. 32.

3. When the right to remove a case from a state court into a United

States circuit court depends upon the nature of the controversy and the questions to be litigated, the complaint alone is to be considered for the purpose of ascertaining the nature of the controversy, and finding out what questions are involved. Although defendants by their pleadings may introduce new matter and raise additional questions, they cannot so change the case as to make it cognizable in a federal court, if it was not so at the outset. Walker v. Collins, 167 U. S. 57–60, 17 Sup. Ct. 738.

4. Where two defendants are sued together, and the plaintiff demands judgment against both, the court cannot assume that either one of them is the real party against whom the plaintiff intends to wage his action, and that the other has been joined as a co-defendant merely for the fraudulent purpose of depriving the real defendant of his right to remove the case into a United States circuit court. In order to sustain the jurisdiction of the federal court on that ground, it is necessary for the removing defendant to allege and prove such fraudulent purpose on the part of the plaintiff. Warax v. Railway Co., 72 Fed. 637.

According to these principles, this case must be remanded. It is probable that the plaintiff will not obtain a verdict against both defendants in the state court, and that he may wish to dismiss as to one of them, and endeavor to obtain a judgment against the other. When that attempt is made, if the defendant Root shall be dismissed from the case on the plaintiff's motion, the bar to the right of removing the case into this court on the ground of diversity of citizenship will be eliminated, and the Oregon Railroad & Navigation Company will then have the right to file a new petition and bond for removal, if before taking any other step it elects to do so. Powers v. Railway Co., 169 U. S. 92–103, 18 Sup. Ct. 264. In the present situation of the case, the court is without jurisdiction, and the motion to remand must be granted.