## KNUTH et al. v. BUTTE ELECTRIC RY. CO. et al.

### (Circuit Court, D. Montana. May 28, 1906.)

### No. 300.

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—JOINT ACTION FOR TORT.

An action to recover damages for the negligent injury of a person while a passenger on a street car is one ex delicto, and not on the contract of carriage, and the plaintiff may join as defendants the street railroad company and an employé, where their joint negligence is alleged to have been the cause of the injury; and in such case the cause of action is not separable for the purpose of removal.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 97.

Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

2. SAME—FRAUDULENT JOINDER.

Where a joint cause of action against a resident and a nonresident defendant for a tort is stated in the complaint, the joinder of the defendants is within the plaintiff's right, and the cause is not removable on the ground that such joinder was for the fraudulent purpose of preventing a removal, unless such actual purpose is alleged and proved.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 79.]

3. PARTIES—JOINDER.

Where plaintiffs have a joint cause of action against a resident and a nonresident defendant, their motive in joining them is not a proper subject of inquiry.

## At Law.

The plaintiffs brought this action against the defendants to recover damages for the death of Bertha Knuth. It is alleged in the complaint that the plaintiffs and the defendant Alfred Jackson are citizens of the state of Montana, and that the defendant Butte Electric Railway Company is a corporation organized and existing under the laws of the state of West Virginia, doing business as a common carrier, operating an electric railroad for the transportation of passengers at Butte, Mont. It is charged that on the 20th of August, 1905, Bertha Knuth, who was 16 years of age, was returning to the city of Butte from a resort just beyond the city limits known as "Columbia Gardens." She was a passenger on one of the electric cars of the defendant company; it being alleged that the defendants were jointly running and operating the car upon which Bertha Knuth took passage and was riding, and that each was bound to the exercise of great care and caution in running and operating the car, to the end that, as a passenger, she would be safely

transported to her destination. It is alleged that the track was laid upon a certain street known as Utah avenue, and across the tracks of the Butte, Anaconda & Pacific Railway Company, which latter company owned and operated a steam railway, and frequently ran cars upon its tracks, all of which was well known to the defendants. It is alleged that the point of crossing of the tracks of the electric railroad company and the Butte, Anaconda & Pacific Railroad was a highly dangerous place, and that there was always great danger of the cars or engines of the steam railway company running into the cars of the electric company, and killing or injuring passengers, and that such danger was well known to the defendants, and was not known to Bertha Knuth; that it was necessary for the defendant company and its employés to exercise extraordinary care in passing the crossing referred to; that on the evening of the 20th of August, when the car on which Bertha Knuth was riding was passing up Utah avenue, it was carelessly and negligently run upon the railway crossing by the defendants, while an engine and a train of freight cars were being operated by the steam railroad company, and that the cars so operated, or one of them, was with great force run against the car in which Bertha Knuth was riding; that the car was overturned and wrecked, and that Bertha Knuth was thrown under the wreck, where she was pinioned down with other passengers; and that she was not taken out for about one and one-half hours, by reason of all of which she was injured, and suffered greatly, and as a result of her injuries died a few days thereafter. Plaintiffs are father and mother of the dead girl. They allege that she greatly assisted them; that the father is a cripple, and the mother is not able to work; that if the defendants had exercised the care and caution required of them in the operation of the electric railway and the running of the car, the collision would not have occurred; that the death of the child was caused solely by the negligence and want of proper care on the part of the defendants. The defendant Butte Electric Railway Company filed a separate demurrer, which was general and special. Thereafter it filed its petition for removal, alleging that it was a corporation organized and existing under the laws of the state of West Virginia; that the allegations of negligence on the part of the defendant company were controverted by the said company; and that the plaintiffs fraudulently and improperly joined as codefendant with the petitioner Alfred Jackson, who was and is a citizen and resident of the state of Montana, and that the sole purpose of joining him as a defendant was to defeat the jurisdiction of the United States court. The necessary bond was given, and the cause was transferred to this court. A motion to remand has been filed upon the ground that there is no jurisdiction in this court.

John J. McHatton and J. G. Brown, for plaintiffs.
W. M. Bickford and Geo. Shelton, for defendants.

HUNT, District Judge (after stating the facts). The counsel for the defendant corporation have presented a learned and elaborate brief, urging reasons why jurisdiction is in this court. But after a very careful study of the opinion of the Supreme Court in Alabama G. S. R. Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, and of the allegations of plaintiffs' complaint herein, I am convinced that, upon the face of the complaint, the action appears to be joint. The defendants owed a common-law duty to plaintiffs' intestate. This duty was independent of any contract, and a right to recover may be founded upon a neglect of such duty. The action is, therefore, ex delicto, and defendants, joint tort-feasors, may be sued separately or jointly, as plaintiffs elect. Sessions v. Johnson, 95 U. S. 347, 24 L. Ed. 596.

The fact that plaintiff's complaint sets forth that plaintiffs' intestate was a traveler upon one of the cars of the defendant corporation, and paid her fare, does not justify the inference that the action is upon a breach of the railway company's undertaking. Plaintiffs may properly show that deceased was a passenger, to show the relationship of passenger and carrier, and that on account of such relationship a duty arose on defendants' part to exercise vigilance and care in carrying the passenger. This duty, however, is imposed independently of contract, and for a breach of it action lies, and no contract is required to support it. Atlantic & Pacific Railroad v. Laird, 164 U. S. 393, 17 Sup. Ct. 120, 41 L. Ed. 485; Guardian Trust Co. v. Fisher, 200 U. S. 67, 26 Sup. Ct. 186, 50 L. Ed. 367.

In Doremus v. Root et al. (C. C.) 94 Fed. 760, Judge Hanford, with remarkable terseness, stated the controlling propositions and rules which must be held applicable to the case at bar. He said:

"(1) An action to recover unliquidated damages for a personal injury caused by negligence, although the negligence complained of amounts to a breach of contract on the part of the defendant, belongs to the class of cases denominated 'actions ex delicto.' The tort is the ground of action, and the law of torts must govern the case. In such a case the plaintiff may join several as defendants, and if upon the trial he fails to sustain his complaint against all, but does sustain it against one of them, he may dismiss as to the others and recover against the one found to be liable. Railway Co. v. Laird, 164 U. S. 393–403, 17 Sup. Ct. 120, 41 L. Ed. 485.

"(2) In such an action against several defendants, sued as if they were jointly liable to the plaintiff, they must all meet the plaintiff upon the ground chosen by him; and, even though the complaint shows affirmatively that they have not acted jointly in such a manner as to incur a joint liability, still they cannot divide the cause, so as to present a separate controversy as to the separate acts of each. The defendants are not permitted to recast the issues tendered by the complaint, so as to make several lawsuits in place of the one case which the plaintiff has elected to prosecute against them all jointly. Little v. Giles, 118 U. S. 596–608, 7 Sup. Ct. 32, 30 L. Ed. 269.

"(3) When the right to remove a case from a state court into a United States circuit court depends upon the nature of the controversy and the questions to be litigated, the complaint alone is to be considered for the purpose of ascertaining the nature of the controversy, and finding out what questions are involved. Although defendants by their pleadings may introduce new matter and raise additional questions, they cannot so change the case as to make it cognizable in a federal court, if it was not so at the outset. Walker v. Collins, 167 U. S. 57–60, 17 Sup. Ct. 738, 42 L. Ed. 76.

"(4) Where two defendants are sued together, and the plaintiff demands judgment against both, the court cannot assume that either one of them is the real party against whom the plaintiff intends to wage his action, and that the other has been joined as a codefendant merely for the fraudulent purpose of depriving the real defendant of his right to remove the case into a United States circuit court. In order to sustain the jurisdiction of the federal court on that ground, it is necessary for the removing defendant to allege and prove such fraudulent purpose on the part of the plaintiff. Warax v. Railway Co. (C. C.) 72 Fed. 637."

A joint cause of action being alleged, the following language of Justice Day seems determinative of the question presented by the motion:

"Does this become a separable controversy within the meaning of the act of Congress because the plaintiff has misconceived his cause of action, and

had no right to prosecute the defendants jointly? We think, in the light of the adjudications above cited from this court, it does not. Upon the face of the complaint (the only pleading filed in the case) the action is joint. It may be that the state court will hold it not to be so. It may be (which we are not called upon to decide now) that this court would so determine if the matter shall be presented in a case of which it has jurisdiction. But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal. The case cannot be removed unless it is one which presents a separable controversy, wholly between citizens of different states. In determining this question the law looks to the case made in the pleadings, and determines whether the state court shall be required to surrender its jurisdiction to the federal court."

Nor can the motion be denied because of the alleged fraud in joining Jackson as a defendant. Plaintiffs had a right to join him as a defendant, and appear to have done so in good faith. Having a right so to proceed against all defendants, and having stated a joint cause of action, their motive in joining all defendants is not the proper subject of inquiry in this court. Finding no issue to be tried as to fraudulent joinder, I hold the point not well taken.

The motion to remand is sustained, and the cause is ordered remanded to the District Court of the Second Judicial District of the state of Montana in and for the county of Silver Bow.