## MARIA RAYES DE LOPEZ, Plff.,

*v.*

## SUCRERIE DE SAINTE JEANNE, Dft.

---

San Juan, Law, No. 966.

AMENDMENT BEFORE NEW TRIAL.

Amendment of Complaint Pending New Trial.

Under Rev. Stat. § 954, which provides that the court "may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe," plaintiff will be permitted to amend the complaint pending a new trial.

Opinion filed May 15, 1915.

---

*Messrs. Jos. Anderson, Jr.,* and *Willis Sweet* for plaintiff.

*Mr. H. G. Molina* for defendant.

Rayes de Lopez v. Sucrerie de Sainte Jeanne.

HAMILTON, Judge, delivered the following opinion:

This is an application for leave to amend a complaint as to personal injuries, by adding other defects of the truck to those originally set out in the complaint. The verdict for the plaintiff was set aside by the court and a new trial ordered, whereupon the plaintiff tenders the amendment in question.

1. The right is based upon § 954 of the Revised Statutes, Comp. Stat. 1913, § 1591, which is as follows:

"No summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form; but such court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding any such defect, or want of form, except those which, in cases of demurrer, the party demurring specially sets down, together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other than those which the party demurring so expresses; and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe."

This gives the right to amend "at any time" upon terms to be prescribed by the court. The Supreme Court has construed this provision as to time very broadly, and permitted the district court to allow a jurisdictional averment of citizenship to be added in aid of judgment in favor of the plantiff. In that case the defendant filed no opposing affidavit, and the Supreme Court held that he had thereby waived his right to contest the

Rayes de Lopez v. Sucrerie de Sainte Jeanne.

fact averred in the amendment. So that it would seem that the plaintiff is within her rights in claiming an amendment after allowance of a new trial and before entering upon the same.

This is a matter of Federal practice, and is not controlled by local laws or regulations.

2. This must not be taken to admit of every kind of amendment. The amendment proposed must be one that does not change the original cause of action. Atlantic & P. R. Co. v. Laird, 164 U. S. 393, 41 L. ed. 485, 17 Sup. Ct. Rep. 120. The *quo modo* of the alleged accident can be amplified, and that is all that is attempted in the present amendment. Plaintiff's intestate is claimed to have died from the effect of the accident, and the amendment relates to how it was he fell off of the moving truck and received his injury.

3. The only remaining question is as to terms which should be imposed. The new claim may entail a new defense and the obtaining of additional evidence, and this in a case brought *in forma pauperis*. If the plaintiff has the right to amend, however, it would not be right for the court to change the form of her suit, which would be the case if all costs were imposed upon her. The terms imposed, therefore, will be limited to the cost of the amendment and of whatever pleadings shall be filed down to a jury issue on the amendment.

It is so ordered.