## THE PACIFIC SPRUCE (KRAUSS BROS. LUMBER CO., Intervener).
### No. 13245.

District Court, W. D. Washington, N. D.
Nov. 7, 1932.

shipboard, the ship became bound to the cargo and the cargo to the ship. The Pacific Hemlock (D. C.) 53 F.(2d) 492. The vessel, a common carrier, a common ship carrying cargo for hire, was bound to receive and carry tendered cargo for just compensation over its regular route, and to transport such cargo without unreasonable delay. Wabash R. Co. v. Pearce, 192 U. S. 179, 24 S. Ct. 231, 48 L. Ed. 397; Eastern Ry. Co. v. Littlefield, 237 U. S. 140, 35 S. Ct. 489, 59 L. Ed. 878. This duty was imposed by the common law, Bowman v. Chicago, etc., 125 U. S. 465, 474, 8 S. Ct. 689, 31 L. Ed. 700, and is imposed for the common good, irrespective of contract, Hannibal & St. Joseph R. Co. v. Swift, 12 Wall. (79 U. S.) 262, 20 L. Ed. 423.

Failure to discharge this duty, the shipper had election to sue the ship in tort or pursue his remedy on contract. Denman v. Ry. Co., 52 Neb. 140, 71 N. W. 967; Bartelt v. Ore. Ry. & Nav. Co., 57 Wash. 16, 23, 106 P. 487, 135 Am. St. Rep. 959.

The relation between the shipper and the ship is of a dual nature, a duty imposed by law and an obligation assumed by agreement; and, in either event, the conduct and acts of the parties are declared upon, and, in an action for failure to carry, or deviation from usual course, the relation on contract in a tort action is stated by way of inducement. Atl. & Pac. Ry. Co. v. Laird, 164 U. S. 393, 17 S. Ct. 120, 41 L. Ed. 485. And an action in tort lies for neglect to carry pursuant to duty imposed by law, aside from contractual relation. The John G. Stevens, 170 U. S. 113, 18 S. Ct. 544, 42 L. Ed. 969. And the shipper has a right to rely upon the remedy given for violation of such imposed duty. York Mfg. Co. v. Illinois Cent. Ry. Co., 70 U. S. (3 Wall.) 107, 18 L. Ed. 170. Breach of ship's duty is tortious neglect. New Jersey Steam Nav. Co. v. Merchants' Bank, 47 U. S. (6 How.) 344, 428, 12 L. Ed. 465. The shipper, for failure to carry cargo, may elect to sue in tort. Pac. Coast Steamship Co. v. Bancroft-Whitney Co., 94 F. 180 (9 C. C. A.). Damages to the shipper have been held recoverable for unreasonable delay, Dunham v. Boston & Maine Ry. Co., 70 Me. 164, 35 Am. Rep. 314, Sherman v. Hudson River Co., 64 N. Y. 254; and unnecessary delay of moving cargo is held deviation in James M. Constable v. National S. S. Co., 154 U. S. 51, 14 S. Ct. 1062, 38 L. Ed. 903.

Chief Justice Marshall in Oliver v. Maryland Ins. Co., 11 U. S. (7 Cranch,) 487, 490,

Anthony Savage, U. S. Atty., Jeffrey Heiman, Asst. U. S. Atty.

Hayden, Merritt, Summers & Bucey, for intervening libelant.

NETERER, District Judge (after stating the facts as above).

Has intervening libelant an action in tort, and, if so, "a lien for damages arising out of tort," and preferred to mortgage of the libelant, by section 953, title 46, USCA.

On delivery and stowage of cargo on

3 L. Ed. 414 said: "An idle waste of time, after a vessel has completed the purposes for which she entered a port, is a deviation. * : * "

And deviation ends the contract and raises a tort liability. U. S. Shipping Board Emergency Fleet Corp. v. Rosenberg Bros. & Co. (The West Aleta) 12 F.(2d) 721 (C. C. A.); Arnold v. Pac. Ins. Co., 78 N. Y. 7. See, also, The Sarnia (C. C. A.) 278 F. 459, 463; Atl. Coast Line v. Hinely-Stephens Co., 64 Fla. 175, 60 So. 749, Ann. Cas. 1914B, 999.

Mallory S. S. Co. v. Garfield (C. C. A.) 10 F.(2d) 664, relied upon by libelant, is clearly shown not to have considered a like instant issue, at page 667: "If a duty rested upon the Mallory Line in its character, apart from its agency and was one that the law imposed upon it, *independent of its agency employment*, then it might be liable for tort." (Italics supplied.)

In the instant case, the principal is the party charged, and expressly is excepted in that case from the relation in issue.

The challenge to the sufficiency of the intervening libel as exemption under the Harter Act, 46 USCA § 192, is not persuasive: "If the owner of any vessel transporting merchandise or property to or from any port in the United States of America shall exercise due diligence to make said vessel in all respects seaworthy and properly manned, equipped, and supplied. * * * "

Exemption for damages arising from seizure under legal process has no application, in view of the allegations of the intervening libel. Paragraph 3 of the amended intervening libel alleges "that the respondent vessel was not in all respects seaworthy and able to so load, transport and deliver the cargo, but that in fact the respondent vessel was constructively unseaworthy and was financially unable to pay the necessary and usual expenses incident to such loading, transporting and delivery." The intent of the Congress to relieve the ship and owner for damages arising from causes beyond their control does not include the financial irresponsibility of the owner to equip and carry forward the enterprise.

The financial relation is somewhat akin to double pay to seamen under section 4529 and 4530, Rev. St. (46 USCA §§ 596, 597). The Court of Appeals in Gerber v. Spencer (The Benowa) 278 F. 886, affirmed such holding by the writer in the Northern District of California.

The exceptions must therefore be denied.