## A. C. MOTOR FREIGHT LINES, Inc., v. SHINGLEDECKER.

### No. 5099.

Circuit Court of Appeals, Seventh Circuit.
May 10, 1934.

Dudley M. Shively and Walter R. Arnold, both of South Bend, Ind., for appellant.

Oliver M. Loomis and George L. Rulison, both of South Bend, Ind., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

Appellee instituted this action to recover damages for injuries which resulted in the death of her husband. Appellant and one Logan Ross were sued as joint tort feasors, and jurisdiction was based on diversity of citizenship. The case went to the jury on a complaint which charged the following facts: Appellant, at the time of the injuries, was engaged in the trucking business, at which time Logan Ross, its employee and agent, was driving appellant's truck in a westerly direction on a highway in Ohio, in the transportation of freight. While decedent was driving his automobile in an easterly direction on said highway in a careful, prudent and lawful manner, he was met by the appellant's truck driven by Ross, who carelessly and negligently drove to the south side of the highway against decedent's automobile, resulting in injuries which caused the death. It was alleged that Ross was negligent in the following respects: Unreasonable speed, driving on the wrong side of the highway, not keeping a proper lookout for other travelers, lack of control, and failing to give decedent the benefit of the last clear chance.

The issues were joined by general denial, and at the close of appellee's evidence, appellant and Ross each moved for a peremptory instruction which was overruled, and separate exceptions were saved. Appellant submitted no evidence but Ross did, and at the conclusion of all the evidence he renewed his motion for a verdict in his favor, which was overruled. The jury returned a verdict in favor of Ross and against appellant.

Subsequently appellant moved for judgment in its favor, non obstante veredicto, whereupon appellee, with the court's consent and over appellant's objection, amended her complaint by striking out all references to Ross as a defendant, and inserting the name of Dwight McKesson in his stead as to the alleged acts of negligence. That is to say, the complaint after amendment charged that McKesson was the employee and agent of appellant, and the driver of the truck, and that as such he committed the several acts ·of negligence which had been charged to Ross, but he was not made a defendant. Ap-

pellant renewed its motion for judgment non obstante veredicto which was overruled, and it thereupon filed its motion in arrest of judgment which was overruled and judgment was rendered on the verdict against appellant.

The errors assigned and relied upon are based upon the court's rulings in overruling appellant's several motions and permitting the amendment to the complaint after verdict. There is no bill of exceptions, hence neither the evidence nor the court's instructions are in the record.

█ It is contended by appellant that where the servant who is charged with negligence causing the injury, as was Ross, is exculpated by verdict, the master must go acquit. It is quite obvious that appellant under the circumstances here can not be held liable to appellee for the negligence of Ross, for the jury has said that Ross was guilty of no negligence. But the jury under proper evidence could find that appellant was liable for the negligence of its servant other than Ross. If the evidence established the allegations of the complaint in every respect except as to the name of the servant driver we see no reason under the circumstances here why that should defeat a recovery. Had the servant not been named in the complaint, a recovery might have been had against the master by proof that the negligence was that of any of its servants acting within the scope of his authority, and the mere fact that one servant was named as the driver, and the evidence showed another is not sufficient to defeat the verdict.

██ We cannot say that the court abused its discretion in permitting the amendments after verdict. We have no way of knowing because neither the evidence nor the instructions are before us. The amendments charged that McKesson was the driver instead of Ross. We must therefore assume that the amendments were made to conform to the proof, and that the evidence was received without objection by appellant and that the jury was properly instructed. See Morrison v. Regus (C. C. A.) 22 F.(2d) 804; Walker Grain Company v. Southwestern Telegraph & Telephone Company (C. C. A.) 10 F.(2d) 272; Oriole Phonograph Company v. Kansas City Fabric Products Company (C. C. A.) 34 F.(2d) 400. So far as the record shows, appellant did not ask to meet, and was not prevented from meeting any such proof, nor did it claim that it was in any way injured by its admission until after the verdict. The mere fact that the jury found Ross not guilty was not necessa-

rily a finding that the negligence was not that of appellant's truck driver, for indeed, the jury in finding appellant guilty presumably found that there was negligence on the part of the driver for which appellant was liable.

In Atlantic & Pacific Railroad v. Laird, 164 U. S. 393, 17 S. Ct. 120, 123, 41 L. Ed. 485, the Court stated: "It results that, if the nature of the action was not changed, the amendment merely dismissing one of two joint tort feasors, and alleging that the injury complained of was occasioned solely by the remaining defendant, did not introduce a new cause of action." In making the amendments there was no change in the nature of appellee's claim, nor was a new ground of action set forth. The acts of negligence were the same, the transaction and the injury were the same, and the relationship between appellant and decedent were precisely the same.

We find no error in the record, and the judgment is affirmed.