## HAFFEL v. UNITED STATES LINES CO.

United States District Court
S. D. New York.
Sept. 15, 1953.

David M. Fink and Jacquin Frank, New York City, for plaintiff, Gilda Tedesco, New York, City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant, Raymond Parmer, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

The defendant moves for summary judgment dismissing the plaintiff's second amended complaint. A similar motion was previously granted on consent of the parties and the first amended complaint was dismissed with leave to file and serve the present complaint.

444

The plaintiff, Renee Haffel, brought this action against the defendant, United States Lines Company, to recover damages for personal injuries, which she sustained while a passenger on board the S. S. Marine Flasher in August, 1947. The Marine Flasher at the time the accident occurred, was owned by the United States of America and operated by defendant under the provisions of the war-time standard form of agency agreement, form GAA 4–4–42.

Plaintiff's second amended complaint contains two causes of action. In the first cause of action she alleges that through the negligence of the defendant, in failing to furnish her with a ladder by which she could descend from her berth, she fell, was injured, and suffered damages for which she sues. The first cause of action does not allege that defendant acted as agent for an undisclosed principal and is identical in language with the first cause of action of the first amended complaint, which was dismissed on consent.

The second cause of action differs from the second cause of action in the first amended complaint in that it alleges that defendant acted as agent for an undisclosed principal and that plaintiff had no knowledge of the existence of the agency relationship.

Lengthy discussion is not required in disposing of the motion insofar as it is addressed to plaintiff's first cause of action. In the light of plaintiff's failure to amend her first cause of action to allege that the defendant was acting as agent for an undisclosed principal, despite leave granted to so allege, the first cause of action will be dismissed. Since the Supreme Court decisions in Cosmopolitan Shipping Co. v. McAllister, 1949, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692 and in Weade v. Dichmann, Wright & Pugh, Inc., 1949, 337 U.S. 801, 69 S.Ct. 1326, 93 L.Ed. 1704, it has been clear that a general agent managing a ship under the agency agreement which exists in the instant case, is not liable to a passenger who is injured while traveling on the ship. See also Gaynor v. Agwilines, Inc., 3 Cir., 1948, 169 F.2d 612.

This leaves the second cause of action for disposition. Plaintiff here alleges that as agent for an undisclosed principal, the defendant is liable for the breach of the contract to transport her safely. The negligence of the crew in failing to furnish her with a ladder to descend from her berth, she urges, constituted this breach of the defendant's contractual duty. Defendant seeks to sustain its motion on the theory that plaintiff's second cause of action is in tort, and that no contractual obligation was breached by the alleged negligence of the crew. Both arguments find support in conflicting authorities. There are cases which accept the theory that a passenger injured through the negligence of a carrier may sue in contract as well as in tort. Baltimore City Pass. R. Co. v. Kemp, 1883, 61 Md. 619; Brisolara v. Caddo Transfer & Warehouse Co., 1930, 13 La.App. 27, 127 So. 57. See also 1 C.J.S., Actions, § 49(e) 5, 13 C.J.S., Carriers, § 689, and Prosser on Torts, pp. 202–205 (1941).

Contrary to these decisions, two New York cases hold that "common carriers of passengers are not insurers of personal safety" and that "[i]f there is any defect in the vehicle by which passengers are carried, and an injury occurs thereby, they are liable, if at all, on the sole ground of negligence." Webber v. Herkimer, etc., R. R. Co., 1888, 109 N.Y. 311, 16 N.E. 358, 359; Loehr v. East Side Omnibus Corp., 1st Dept. 1940, 259 App.Div. 200, 18 N.Y.S. 2d 529, affirmed without opinion, 1941, 287 N.Y. 670, 39 N.E.2d 290.

A carrier is under certain contractual obligations to its passengers. It must, for example, protect the passenger from assaults or ill treatment by its servants; it must carry the passenger to the point of his destination without unreasonable delay or detention, and—as defendant states—it must furnish a passenger with suitable and proper accommodations. The carrier admittedly may be liable in a contract action for the breach of these obligations. Defendant, however, relying on the Webber decision, would distinguish its duty in the present case to provide a ladder for the plaintiff from its contractual obligation to furnish "suitable and proper accommodations." For the purposes of the present motion I cannot agree.

■■ It is true that a carrier is not an absolute insurer and that some negligence must be shown before a passenger can sue for breach of contract. Austro-American S. S. Co. v. Thomas, 2 Cir., 1917, 1918D, 873, 248 F. 231. But plaintiff may well be able to prove her allegations of negligence. At least, she should be given that opportunity at a trial. Colby v. Klune & Twentieth Century Fox Film Corp., 2 Cir., 1950, 178 F.2d 872; Dyer v. MacDougal, D.C., 93 F.Supp. 484, affirmed, 2 Cir., 1952, 201 F.2d 265. If she can, I see no convincing distinction between the actions of defendant in the instant case, and the actions of defendants in those cases where suits in contract have been allowed. Plaintiff has alleged that the contract contained an implied undertaking by the defendant to provide her with reasonable and safe accommodations on her voyage, and that this promise was breached through negligence. Cf. Atlantic & Pacific R. R. Co. v. Laird, 1896, 164 U.S. 393, 17 S.Ct. 120, 41 L.Ed. 485. If she supports this assertion, she has a right to seek compensation for her injury in contract. In view of this disposition, I do not decide, nor need I consider, whether, upon the theory of undisclosed principal, she also has an action in tort.

Motion granted as to the first cause of action. Motion denied as to the second cause of action. Settle order.