UNION PACIFIC RAILROAD COMPANY V. CHARLES NELSON.

FILED MARCH 8, 1906. No. 14,196.

1. **Evidence** examined, and *held* sufficient to sustain the judgment of the district court.
2. **Instructions** examined, and *held* not prejudicial.

ERROR to the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*John N. Baldwin, Edson Rich* and *John A. Sheean,* for plaintiff in error.

*C. H. Holcomb, contra.*

OLDHAM, C.

This was an action by the plaintiff in the court below, a shipper of live stock, against the defendant railroad company for damages alleged to have been occasioned by an unnecessary and negligent delay in transporting

a car-load of cattle from South Omaha, Nebraska, to Calla-way, Nebraska. There was a trial to the court and jury below, judgment for plaintiff for $61.70; and to reverse this judgment defendant brings error to this court.

The facts underlying the controversy are that on Friday, October 9, 1903, plaintiff shipped a car-load of cattle from South Omaha to Callaway over defendant's railroad. The car was transported to Kearney, Nebraska, over defendant's main line where it was to be transferred to a branch line to be delivered at Callaway. There was only one train a day on the Callaway branch, and this train leaves Kearney at about 6:30 A. M. When the main line train reached Kearney on Saturday, the train on the Callaway branch had departed, and, as there was no Sunday train on the branch line, the stock were unloaded and yarded there over Sunday. On Monday morning plaintiff loaded his cattle in the car before the train left Kearney for Callaway, and this car was included in the train when it was first made up. But the conductor of the train claimed that he had no authority to take the car without the shipping bill, which appeared to have been with the yardmaster. Plaintiff insisted on the car being taken and tried to find the yardmaster to get the car billed out, but failed to do so. Accordingly, the car was "kicked loose" from the train and left standing on the side-track until about 2 o'clock in the afternoon, when the cattle were unloaded, and again yarded until Tuesday morning, and then transported to Callaway. The only conflict in the evidence is as to whether it was the negligence of the yardmaster, or of the conductor of the train, in not sending the car to Callaway on Monday; and, as far as plaintiff's right of recovery is concerned, it is wholly immaterial which of defendant's employees was at fault, as the evidence clearly shows that the delay at Kearney on Monday was wholly unnecessary.

The only objection urged against the instructions of the trial court is that they were given on a theory that there was evidence tending to show an unnecessary delay

in the shipment. We think this theory was the only one on which the court could have instructed under the evidence. There is a technical contention that the evidence shows that the delay, if any, occurred on the shipment from Kearney to Callaway, and not from Omaha to Callaway as pleaded in the petition. This is purely specious, as the contract of shipment was from Omaha to Callaway, and any unreasonable delay at any intervening point in making this shipment is sufficient to constitute the cause of action alleged upon.

As we are pointed to no reversible error in defendant's brief, and as the quantum of damages awarded was very reasonable under the testimony, we recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.