# EASTERN RAILWAY COMPANY OF NEW MEXICO
## *v.* LITTLEFIELD.

ERROR TO THE SUPREME COURT OF THE STATE OF TEXAS.

No. 320. Submitted March 1, 1915.—Decided April 5, 1915.

*Penna. R. R.* v. *Puritan Mining Co., ante,* p. 121, followed to effect that under the proviso of § 22 of the Act to Regulate Commerce the state courts by virtue of their general jurisdiction can determine the right of a shipper to recover damages from the carrier for its failure to supply a reasonable number of cars after it had accepted the order, although a car shortage existed of which it had knowledge but did not notify the shipper.

While a carrier may be relieved from performing a service by reason of conditions arising without fault on its part, it must promptly notify shippers of its inability, or the reception of goods without notice will estop the carrier from setting up what might be a sufficient excuse.

Where the record does not contain the evidence and there are no findings of fact, the verdict of the jury in favor of the plaintiff must be construed to mean that the evidence sustained the material allegations of the complaint.

The liability of a carrier for failing to furnish a reasonable number of cars for an accepted shipment becomes fixed when the goods are tendered and the carrier fails to furnish the facilities needed, and that liability cannot be avoided by proving a car shortage for which the carrier was not responsible but of which it gave no notice to the shipper.

Whether a carrier is liable at common law as forwarders of freight to be delivered to connecting carriers outside the State and whether associated carriers are so associated as to be jointly and severally liable are not Federal questions and are concluded by the decision of the state court.

Writ of error to review 154 S. W. Rep. 543, dismissed.

THE facts are stated in the opinion.

*Mr. A. H. Culwell, Mr. Gardiner Lathrop,* and *Mr. Robert Dunlap* for plaintiff in error, submitted.

*Mr. W. A. Dunn, Mr. J. A. Templeton,* and *Mr. D. T. Bomar* for defendant in error, submitted:

Federal questions which the highest state court is by its settled practice justified in disregarding, either because not assigned or not noticed or relied upon in the brief or argument of counsel will not serve as a basis of a writ of error from the Federal Supreme Court. *Hulbert v. Chicago,* 202 U. S. 275; *Cox* v. *Texas,* 202 U. S. 446; *Western Electrical Co.* v. *Abbeville Electrical Co.,* 197 U. S. 299; *Cin. & Ohio Ry.* v. *Slade,* 216 U. S. 78; *West. Un. Tel. Co.* v. *Wilson,* 213 U. S. 52; *Leathe* v. *Thomas,* 207 U. S. 93; *Yazoo Ry.* v. *Adams,* 180 U. S. 1.

This court, in an action at law, has no jurisdiction to review the decision of the highest court of a State upon a pure question of fact, although a Federal question would or would not be presented according to the way in which the question of fact was decided. *Dower* v. *Richards,* 151 U. S. 658.

It is not enough that such right, privilege or immunity was thus set up and claimed, but it must be made manifest either that the right was denied or that the judgment could not have been rendered without denying it. *West. Un. Tel. Co.* v. *Wilson,* 213 U. S. 52.

This court will not take jurisdiction of a cause where the judgment of the state court rests on two grounds, one of which does not involve a Federal question or where it does not appear on which of two grounds the judgment was based, and the non-Federal ground in itself is sufficient to sustain the judgment. *Allen* v. *Arguimbau,* 198 U. S. 149; *Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 112; *West. Un. Tel. Co.* v. *Wilson,* 213 U. S. 52; *Arkansas Southern Ry.* v. *German Nat'l Bank,* 207 U. S. 270; *Leathe* v. *Thomas,* 207 U. S. 93; *Vandalia Ry.* v. *Indiana,* 207 U. S. 359.

The plaintiffs' cause of action as declared on in their petition was based on, and grew out of the breach by defendants of their common law duty, to furnish at the point

of origin of the shipment, after due and reasonable notice so to do, a sufficient number of suitable cars wherein to ship the cattle, then and there tendered for shipment.

Such a breach of duty was not such a violation of the interstate commerce act as was cognizable alone by the United States court to the exclusion of the state courts. *Re Winn,* 213 U. S. 458; *Atlantic Coast Line* v. *Riverside Mills,* 219 U. S. 208; *G. H. & S. A. Ry.* v. *Wallace,* 223 U. S. 481.

Notwithstanding the breach of duty on the part of the defendants, of which plaintiffs complain and for which they seek to recover damages, may have been inhibited by, and may constitute a violation of the interstate commerce law, the state courts are not deprived of jurisdiction over such a cause of action, but such jurisdiction is expressly recognized by § 22 of the act of February 4, 1887, and by par. 7 of the act of June 29, 1906, amending § 20 of the act of 1887. *G. H. & S. A. Ry.* v. *Wallace,* 223 U. S. 481; *Adams Express Co.* v. *Croninger,* 226 U. S. 491; *Atlantic Coast Line* v. *Riverside Mills,* 219 U. S. 208.

MR. JUSTICE LAMAR delivered the opinion of the court.

The plaintiffs in error jointly operate the Santa Fe system of railway lines extending through Arizona, Texas, Kansas and Oklahoma into Missouri. The Littlefield Cattle Company owns ranches near these roads and brought suit for damages caused by their failure to furnish cars needed for the transportation of cattle from points in Texas to points in Missouri.

The Cattle Company's declaration averred that finding in the spring of 1907 that it would need 200 cars in which to ship cattle to market it requested the carriers' station agent in May, 1907, to furnish these cars in lots of 50, at designated places on designated dates in September and October, 1907. The defendants accepted the order and

plaintiff relying on the duty and promise brought 3900 head of cattle to the station at the time stated and tendered the same for shipment. The defendants refused to furnish the cars needed. Plaintiff was consequently forced to hold the cattle under herd for several weeks awaiting the arrival of cars wherein to ship the same. On October 18, 1907 plaintiff learned for the first time definitely that defendants would not furnish cars until several weeks thereafter, whereupon plaintiff was forced to abandon the shipment and return the herd to the ranch in Texas which was distant from the station about 100 miles. By reason of the expense and loss of the market plaintiffs were damaged $35,000.

Each Railway Company demurred specially on the ground that it could not be required to furnish cars to go beyond its line in interstate shipment; and insisted that if plaintiff had any right of action it arose under the Commerce Act and the United States courts had exclusive jurisdiction of the suit. The demurrer was overruled. There was a verdict for the plaintiff and, the judgment thereon having been affirmed by the Supreme Court of Texas, the case is here on a writ of error in which the assignments are said to present two questions involving the construction of the act to regulate commerce.

1. The decision in *Penna. R. R.* v. *Puritan Coal Mining Company,* just decided, *ante,* p. 121, makes it unnecessary to do more than repeat that, under the proviso to § 22 of the Commerce Act, the state courts by virtue of their general jurisdiction can determine the right of a shipper to damages for failure to supply cars in cases like that presented by the plaintiff's pleading in the present suit. There was, therefore, no error in overruling the defendant's demurrer.

2. It is claimed that a Federal question, and one calling for the exercise of the administrative function of the Commission, was raised by the contention in defendants'

answer that plaintiffs' demand for cars was unreasonable
and as the defendants were unable to comply with the
demand they are not liable for failure to furnish the cars
within the time, as alleged.

This contention is based on the averment in the answer
that the defendant's lines were adequate for the needs of
the sparsely settled country through which they ran 'until
the — day of ———, 1907 when an unprecedented rush of
settlers to the southwest created an unprecedented de-
mand for transportation facilities of all kinds, including
cars for live stock.' It was also averred that during the
year 1907 there was a car shortage throughout the country
and "It was impossible for the defendants to have fur-
nished the cars demanded by the plaintiffs without neg-
lecting other demands and discriminating against other
persons and firms contrary to the provisions of the Federal
law regulating interstate commerce." There is complaint
made of the rulings of the trial judge relating to this de-
fense.

But whatever may be the rights and remedies of the
parties and the jurisdiction of the Commission, in such
cases, it is certain that the defendants' answer does not
meet the issue nor set out facts which would constitute a
defense against the cause of action alleged in the plaintiffs'
pleading. For the answer indicates that the car shortage
was known to the carriers when the plaintiffs demanded
cars to be furnished in September and October. There
is no allegation that in May the carrier objected that the
demand was unreasonable in the time that it was made
or in the number of cars that were demanded. Nor was
there any claim that the want of equipment was brought
to the attention of the Cattle Company, or that it was
notified that conditions were such as to make it impossible
for the carriers to agree to furnish cars at the time and
place designated. If such information had then been
given to the shipper, or promptly upon subsequent dis-

covery that the defendants would be unable to supply the cars, a different question would have arisen. But, where, without fault on its part, a carrier is unable to perform a service due and demanded, it must promptly notify the shipper of its inability, otherwise the reception of goods without such notice will estop the carrier from setting up what would otherwise have been a sufficient excuse for refusing to accept the goods or for delay in shipment after they had been received. The evidence is not set out in the record and there are no findings of fact, but the verdict of the jury must be construed to mean that the evidence sustained the material allegations of the complaint and showed that the defendants had negligently failed to furnish cars promised.

Thus construed it appears that the plaintiff in May gave the carriers notice that it would need 200 cars in the following September and October to be used in the shipment of cattle from Texas to Missouri. The offer was accepted and a statement was made that the cars would be on hand at the time and place named. Relying thereon the Cattle Company drove its herd a long distance across the country and at great expense kept them at the station until definitely notified that they could not be shipped for several weeks. In the meantime great expense had accrued, the market was lost and the cattle had to be driven 100 miles back to the ranch.

The liability of the carriers under these facts, and in the absence of a showing of new facts establishing an excuse, became fixed when the cattle were tendered for shipment and the carrier failed to furnish the facilities needed. That liability cannot now be avoided by proof that the failure to furnish cars was occasioned by a shortage for which the carriers may not have been responsible but as to which they failed to give timely notice to the shipper.

The question as to whether at common law these railroads were liable as forwarders of freight to be delivered

to connecting carriers outside the State; and whether the railways were so associated as to make them jointly and severally liable are matters concluded by the decision of the Supreme Court of Texas.   There is no merit in the Federal question relied on and the writ of error is

*Dismissed.*