BURNS GRAIN COMPANY, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

Fourth Department, November 20, 1918.

Carriers — liability of railroad company for damages for delay in transporting goods — failure to notify shipper of extraordinary congestion of traffic necessitating delay — estoppel.

An unusual and ·extraordinary congestion of traffic existing on a railroad at the time when goods were offered for shipment and accepted, which congestion caused delay in the shipment, does not constitute a defense to liability for damages caused by such delay, when the railroad company at the time ·of accepting the goods for carriage knew about the unusual and extraordinary congestion, and that it was impossible to transport freight with the usual dispatch, and accepted the goods for shipment without notifying the shipper of such condition.

Where, without fault on its part, a carrier is unable to perform a service due and demanded, it must notify the shipper of its inability, otherwise the receipt of goods without such notice will estop the carrier from setting up what would otherwise have been a sufficient excuse for refusing to accept the goods or for delay in shipment after they had been received.

APPEAL by the defendant, Erie Railroad Company, from an interlocutory judgment of the Supreme Court in·favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 19th day of December, 1917, sustaining a demurrer to the third separate defense set up in the answer. An appeal is also taken, as stated in the notice of appeal, from the decision of the court pursuant to which the judgment was entered.

*Moot, Sprague, Brownell & Marcy* [*Welles V. Moot* of counsel], for the appellant.

*Bushman & Robinson* [*Irving W. Cole* of counsel], for the respondent.

HUBBS, J.:

The complaint in this action alleged that on or about February 1, 1916, the plaintiff delivered to the defendant as a common carrier for transportation from Buffalo, N. Y., to Port Jervis, N. Y., a carload of yellow corn in good condition; that the defendant for a good consideration accepted the corn

and agreed to carry it safely from Buffalo, N. Y., to Port Jervis, N. Y., and to deliver it in good condition. The complaint also alleged that the defendant negligently and carelessly delayed the carriage and transportation thereof many days and by reason thereof the plaintiff was damaged.

The amended answer in its third separate defense alleged that the delay in carrying the corn was caused wholly by congestion in freight traffic due to an unusual and extraordinarily large volume of freight which was tendered for shipment at the times mentioned in the complaint; that during all the times mentioned in the complaint the volume of freight traffic over the defendant's lines " was so unusually and extraordinarily large as to be unprecedented and unequalled in the experience of this defendant; " that because of that condition freight traffic over defendant's lines was badly congested and it was impossible for the defendant to transport freight with the usual dispatch; that such condition was not and could not have been anticipated by the defendant; that the defendant had sufficient facilities to carry the freight traffic in ordinary times and under ordinary circumstances with reasonable dispatch; that the delay was caused solely by this congested condition and was not caused by the failure to provide proper facilities or by any negligence of the defendant and that the goods under the circumstances were carried with reasonable dispatch.

The plaintiff demurred to said third defense set up in the defendant's answer upon the ground that it was insufficient in law to constitute a defense to the cause of action alleged in the complaint. The Special Term sustained the demurrer.

It will be noticed that the answer alleged that at the time the plaintiff offered the corn for shipment the defendant had knowledge of the facts which it sets up in said third defense as an answer. It is not alleged, however, that the plaintiff had such knowledge or that the defendant gave the plaintiff any notice thereof.

The question presented, therefore, is whether an unusual and extraordinary congestion of traffic existing on defendant's road at the time when the goods were offered for shipment by plaintiff and accepted by defendant, which congestion caused delay in the shipment of goods, constitutes a defense to liability for damages caused by such delay, especially when the

defendant, at the time of accepting the goods for carriage, knew about the unusual and extraordinary congestion and knew that it was impossible to transport freight with the usual dispatch and accepted the freight for shipment without notifying the plaintiff of such condition.

The general rules governing the liability of a railroad company for damages growing out of delay in shipment of freight are not involved in this case. So far as this case is concerned it is conceded that unusual and extraordinary congestion of traffic not due to the defendant's negligence, and which could not reasonably have been foreseen at the time the goods were accepted for carriage, would excuse delay in shipment. An entirely different rule applies when goods are accepted by a railroad company for carriage with full knowledge on its part of an extraordinary and unusual congestion of traffic on its lines so that the lines are badly congested and it is impossible for the railroad to transport freight with the usual dispatch.

Under such circumstances it is the duty of the railroad company to advise the shipper as to the conditions within its knowledge which are likely to delay the shipment. If it fails to do so and accepts goods for shipment it will be liable for damages caused by delay growing out of such causes which are known to it when it accepts the goods for carriage. This is a reasonable rule, founded on common sense and fair dealing. The shipper should be given an opportunity to exercise his judgment as to the advisability of making the shipment after knowledge of the facts of the situation. If he is deprived of that opportunity by a failure of the railroad company to notify him of the unusual, congested condition of its lines and damages result because of delay in transportation due to such condition, the railroad company should not be permitted to excuse itself for such delay by setting up facts within its knowledge at the time when it accepted the goods for transportation.

In 10 Corpus Juris, at page 290, it is said: " Where goods are tendered to a carrier for transportation, it is bound to advise the shipper as to any cause likely to delay transportation, which cause is within its knowledge, or within its fair and reasonable means of knowledge, and not within the knowledge of the shipper; and if it fails in its duty in this respect a delay in the transportation of the goods will not be excused.

\* \* \* The acceptance of goods for shipment without notifying the shipper of the fact that they cannot be promptly delivered is tantamount to an assurance that they will be delivered within a reasonable time, except for the intervening of excusing causes of *subsequent* occurrence." Many cases are cited by the writer from different jurisdictions. An examination of those cases discloses the fact that they fully sustain the text.

In Thompson's Commentaries on the Law of Negligence (Vol. 5, § 6607) it is said: " Since a carrier has the power to refuse a shipment when delivery cannot be made, he will not ordinarily be excused where he receives goods for shipment with knowledge of conditions on his line that will prevent the delivery within the usual and ordinary time; and hence he will not be heard to say that the delivery was prevented by an *unusual accumulation of freight* at the place of delivery nor that the *facilities of the carrier were limited,* where the shipment was accepted with knowledge of that fact."

Michie on Carriers (Vol. 1 [1915 ed.], 624) states the rule substantially the same manner, as does also Hutchinson on Carriers (3d ed. § 496).

In *Eastern Railway* v. *Littlefield* (237 U. S. 140; 59 Law. Ed. 878) the shipper had notified the railroad company in May, 1907, that it would need 200 freight cars in lots of 50 each on certain days in September and October. The railroad company accepted the order but failed to furnish the cars as agreed. The railroad company set up in its answer that its lines were adequate for the needs of the country until 1907, when an unprecedented rush of business and a shortage of cars throughout the country made it impossible to furnish the cars for the shipper. The opinion of the court was delivered by Mr. Justice LAMAR and in it he said: " Where, without fault on its part, a carrier is unable to perform a service due and demanded, it must promptly notify the shipper of its inability, otherwise the reception of goods without such notice will estop the carrier from setting up what would otherwise have been a sufficient excuse for refusing to accept the goods, or for delay in shipment after they had been received."

The law seems to be well settled in many other jurisdictions, as is seen by an examination of the many cases cited in the

text books above referred to. It is strange that the exact question has never been passed upon by any court of controlling jurisdiction in this State. In fact, the only case in the State upon the question either cited in counsels' briefs or that I have been able to find is the case of *Place* v. *Union Express Company* (2 Hilt. 19) which is in accord with the authorities above cited.

The defendant contends that the case of *Wibert* v. *N. Y. & Erie Railroad Co.* (12 N. Y. 245) passed upon the question, holding in defendant's favor. I do not think that case is authority for defendant's position and it has never been so understood. In the case of *New Haven & Northampton Co.* v. *Quintard* (6 Abb. Pr. [N. S.] 128, 131) it is said: " The case of *Wibert* v. *N. Y. & Erie Railroad Co.* (12 N. Y. [2 Kern.] 251) does not maintain the doctrine that the fact of the delay being occasioned by an accumulation of previously received freight will excuse the carriers in cases not falling within the statute mentioned in the opinion, or within the principle of that statute. Whether in other cases such fact would be an excuse may be regarded as not yet determined in this State, and it is unnecessary now to determine it." This case was cited by the Court of Appeals in the case of *Eppens, Smith & Wiemann Co.* v. *Littlejohn* (164 N. Y. 187).

In the *Wibert* case the defendant received the shipment from a connecting carrier and it does not appear that the initial carrier was aware that there was a freight congestion on the defendant's line, nor did it appear that the defendant could have refused to accept the shipment or could have notified the shipper that it would be accepted only subject to delay.

As there is no controlling decision in this State it seems to me that we should follow the reasoning of the United States Supreme Court in the case of *Eastern Railway* v. *Littlefield.*

I advise that the judgment be affirmed, with costs.

All concurred.

Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over within twenty days upon payment of the costs of the demurrer and of this appeal.