GENERAL CIGAR Co., INC., Respondent, *v.* READING COMPANY, Appellant.

First Department, December 21, 1942.

*Paul Speer* of counsel (*Macklin, Brown, Lenahan & Speer,* attorneys), for appellant.

*Julius F. Steinbrenner* of counsel (*Bailey & Muller,* attorneys), for respondent.

COHN, J. The action was brought to recover damages to a shipment of leaf tobacco over the railroad system of defendant and connecting carriers.

On January 14, 1937, plaintiff delivered to defendant at Mt. Carmel, Pennsylvania, nineteen cases of tobacco to be conveyed over the road of defendant and various connecting carriers, consigned to itself at Evansville, Indiana. The merchandise was retarded *en route* and was not surrendered at Evansville until one month and four days after it had been placed in the hands of defendant for shipment. The usual time consumed in transporting such tobacco was about seven days. The delay was occasioned by high waters and flood conditions on the lines of the Louisville & Nashville Railroad Company, one of the connecting carriers. Under the provisions of the Carmack Amendment (U. S. Code, tit. 49, § 20, subd. [11]) defendant as the initial carrier is treated as if the entire transportation was over its own lines. For any loss or damage to the merchandise caused by the negligence of any connecting carrier over whose road the goods may pass, defendant would be liable.

The flood waters did not damage the tobacco, but the interference with traffic induced thereby caused the merchandise to be detained in sealed cars at Corbin, Kentucky, until it could be forwarded to its final destination. The cars remained

unopened during the period of delay at Corbin which at that point lasted from January 23, 1937 to February 5, 1937; they were kept sealed for eleven days thereafter—until their arrival at Evansville on February 16th. Though the defendant received notice of an embargo of freight for the Louisville & Nashville Railroad on January 23, 1937, it did not at any time advise plaintiff of the possible delay or potentially dangerous situation of the merchandise. Even when, on February 1, 1937, plaintiff inquired of defendant about the routing of the tobacco, no intimation of the unusual conditions was offered to plaintiff. Finally, on February 16, 1937, plaintiff filed claim for non-delivery of the entire shipment believing it had been lost. Two days later the tobacco was received at its destination in a damaged condition. It had deteriorated in quality, was dried out, had lost the aroma which is inherent in Havana filler tobacco and had a foreign odor. Evidence was adduced by plaintiff to show that the damage was due to lack of ventilation in the sealed box cars during the excessive period required for the tobacco's delivery.

Flood and unprecedented high water conditions which existed throughout the Ohio Valley during the time the railroad car was detained, concededly, constituted an act of God, and would, without doubt, relieve the carrier if the floods had caused the damage to the tobacco. However, it was the detention of the shipment and not the flood waters which produced the injury here.

That the delay was due to an act of God does not lessen the carrier's duty to properly care for the goods while they are being detained. The duty of a carrier to use reasonable care to protect the shipper's property from damage, after the shipment has been delayed by an act of God, is well established. Under such circumstances a carrier is required to exercise reasonable diligence and foresight in endeavoring to save the merchandise or to prevent further loss. (*McNeil Higgins Co.* v. *Old Dominion S. S. Co.*, 235 Fed. 854, 856; *Propeller Niagara* v. *Cordes*, 62 U. S. [21 How.] 7, 26; *Chesapeake & O. R. Co.* v. *Wix & Sons*, 87 F. [2d] 257, 259; *Railroad Company* v. *Reeves*, 77 U. S. [10 Wall.] 176, 189, 190; *Schmoll, Inc.* v. *Commonwealth & Dominion Line, Ltd.*, 230 App. Div. 430; 234 App. Div. 827; affd., 259 N. Y. 613.)

In this case plaintiff established negligence on the part of defendant. The trial court was authorized to find that, in the exercise of due diligence and foresight, defendant could have avoided the damage (1) by ventilating the car in which the tobacco was carried, and (2) by notifying plaintiff without unnecessary delay either at Evansville or at Mt. Carmel of the conditions of rail transit in Kentucky. If either of these reasonable precautions had been exercised, the assumption is justified that the loss would not have occurred.

With respect to the care of the merchandise, there was proof that ordinarily the unmanufactured tobacco would be in closed railroad cars for a period not in excess of seven days; that the defendant merely had to open the doors of the box cars in order to ventilate the tobacco and keep it from " fagging out; " that many of the shipments over the Louisville & Nashville Railroad consisted of tobacco and accordingly it knew or should have known that such ventilation was necessary to avoid damage upon a delay in delivery of a perishable commodity.

As to the failure by defendant to inform plaintiff of the delay, a finding was warranted that defendant was negligent in omitting to warn plaintiff of the detention on January 23rd, when it received word of the embargo, or at any later time. The extraordinary conditions as a result of the flood in the Ohio Valley indicated with some degree of certainty the long delay which the shipment actually did encounter. If the notification called for by the exigencies had been supplied, some arrangement might have been made to unload the car at Corbin, Kentucky, and thus the damage which followed might have been avoided. Plaintiff had ample trucking facilities at its plant in Evansville to insure delivery of the shipment, the distance between Evansville and Corbin being only 225 miles, at most a day's trip each way. In the circumstances the failure of the carrier to give notice of the delay properly could have been regarded by the trial court as negligence which proximately contributed to the loss. (*Eastern Railway* v. *Littlefield*, 237 U. S. 140; *McNeil Higgins Co.* v. *Old Dominion S. S. Co.*, *supra; Schmoll, Inc.*, v. *Commonwealth & Dominion Line, Ltd.*, *supra.*)

The pertinent law was enunciated in *Schmoll, Inc.*, v. *Commonwealth & Dominion Line, Ltd.* (230 App. Div. 430) where this court speaking through McAvoy, J., said at page 431: " This proof shows that defendant was negligent in failing to notify

the owner of the merchandise of the delay at Bowen, so that he might take measures to protect his goods in case defendant did not do so through its ship's officers. The officers and crew were negligent during the delay in that they did not at any time open the hatch covers where plaintiff's hides were stowed to permit ventilation, which was necessary for the protection of the cargo while the ship was at anchor," and at page 432: " Nothing was done here by the carrier to protect the cargo when the strike disabled the vessel from proceeding, and thus the carrier did not guard against the effects of allowing these perishable goods to deteriorate, nor to arrest the consequences of leaving them without some sort of preservation. Negligence was thus fairly established, and the shipping line was liable, notwithstanding the exemption; and this should have been found by the jury." Following the reversal of a judgment in favor of the carrier in the *Schmoll Case* (*supra*) a judgment was rendered in favor of the shipper upon a retrial, which was affirmed by this court (234 App. Div. 827) and in the Court of Appeals (259 N. Y. 613).

Upon all the evidence here we think that there was sufficient proof to support a finding that the damage to plaintiff's merchandise was caused not by the act of God but by the neglect and lack of due care of the shipment in the course of its transportation.

For the foregoing reasons we are of the view that the Appellate Term was right in affirming the judgment of the City Court in favor of plaintiff.

The determination should be affirmed, with costs and disbursements.

MARTIN, P. J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur.

Determination unanimously affirmed, with costs and disbursements.