The NEW YORK CENTRAL RAILROAD
COMPANY, Plaintiff,

v.

UNITED STATES of America and
Interstate Commerce Commission, Defendants.

United States District Court
S. D. New York.
Jan. 15, 1962.

Jerome H. Shapiro, Kenneth H. Lundmark, New York City, for plaintiff.

Lee Loevinger, Asst. Atty. Gen., Joel E. Hoffman, Dept. of Justice, Washington, D. C., Robert M. Morgenthau, U. S. Atty., S. D. N. Y., New York City, for the United States, defendant.

Robert W. Ginnane, Gen. Counsel, Washington, D. C., Robert S. Burk, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission, defendant.

Before MOORE. Circuit Judge, and DAWSON and CASHIN, District Judges.

MOORE, Circuit Judge.

The New York Central Railroad (the Railroad) brings this action to set aside Service Order No. 938 of the Interstate Commerce Commission (the Commission) which annulled Embargo No. 164

issued by the Railroad. The Railroad through this embargo had announced to the public that it would no longer accept interstate less-than-carload (LCL) shipments of less than trap or ferry car quantity except those originating in one of twelve listed cities. The order of the Commission annulling the embargo stated that in the opinion of the Commission the embargo was not valid and that there was presently a need for the service. Service Order No. 938 was issued by the Commission's Safety and Service Board No. 1 and was appealed to Division Three of the Commission which affirmed and adopted the order of the Board.

Prior to the promulgation of Embargo No. 164, the Railroad had been attempting to obtain from the Commission modifications of certain restrictions which were alleged to hamper the operation of the Railroad's LCL service. In June, 1961, the Railroad applied to the Commission for permission to conduct operations without regard to these restrictions. After this relief was denied, the Railroad decided to suspend its LCL service. The Railroad claims that it was forced to promulgate Embargo No. 164 because of heavy losses incurred in operating the LCL service.

■■ The Railroad contends that Service Order No. 938 is invalid because the Commission does not have statutory authority to annul embargoes. However, the Interstate Commerce Act imposes on carriers a duty to furnish reasonable transportation upon request therefor, Section 1(4), 49 U.S.C.A. § 1(4), and makes all unreasonable practices with respect to such transportation unlawful, Section 1(6), 49 U.S.C.A. § 1(6). Section 13(2) of the Act confers on the Commission the power:

"at any time to institute an inquiry on its own motion in any case and as to any matter or thing * * * concerning which any question may arise under any of the provisions of this chapter, or relating to the enforcement * * * of this chapter.

And the said Commission shall have * * * the power to make and enforce any order or orders in the case, or relating to the matter or thing concerning which the inquiry is had excepting orders for the payment of money." (49 U.S.C.A. § 13(2)).

Thus, if the imposition of the embargo on the shipments is an unreasonable practice in violation of the Railroad's duty to provide transportation, the Commission has the power to issue an order annulling the embargo. Moreover, the Commission has consistently construed the Interstate Commerce Act as giving it the authority to determine the validity of embargoes, e. g., Rogers & Co. v. Philadelphia & Reading Ry. Co., 12 I.C.C. 308 (1907); New Orleans Traffic & Transp. Bureau v. Mississippi Valley Barge Line Co., 280 I.C.C. 105 (1951). Such a consistent and unchallenged administrative practice should not be overturned except for cogent reasons, e. g., Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 53 S.Ct. 350, 77 L.Ed. 796; Federal Housing Administration v. The Darlington, Inc., 358 U.S. 84, 79 S.Ct. 141, 3 L.Ed.2d 132.

■■ The Railroad argues, however, that carriers have the right to lay embargoes and that the issuance of Embargo No. 164 was a reasonable exercise of its managerial discretion. The right of carriers to limit their duty to provide transportation by the issuance of embargoes in the time of emergency is not disputed. The question in this case is whether the fact that a railroad is losing money on the operation of a particular service justifies the issuance of an embargo suspending that service. In almost all cases in which the laying of an embargo has been approved, the embargoes were issued because weather conditions, traffic congestion or other physical or operation conditions made it impossible for the carrier to provide transportation to a particular area. Holt Motor Co. v. Nicholson Universal S. S. Co., 56 F.Supp. 585, D.Minn.1944; Baltimore Chamber of Commerce v. Balti-

more & Ohio R. R. Co., 45 I.C.C. 40 (1917); Krauss Brothers Lumber Co. v. Director General, 66 I.C.C. 637 (1922); Murray v. Director General, 69 I.C.C. 477 (1922); American Mfg. Co. v. Director General, 77 I.C.C. 52 (1922). The Railroad cites only one case in which an embargo issued because of financial conditions was upheld and in that case, Gross v. Director General, 58 I.C.C. 604 (1920), the carrier, with the approval of the Commission, was terminating its entire operation. New Orleans Traffic & Transp. Bureau v. Mississippi Valley Barge Line Co., 280 I.C.C. 105 (1951), specifically held that financial losses on a carrier's less-than-bargeload operation did not justify the imposition of an embargo on that operation. We agree with the decision in New Orleans Traffic that the unauthorized imposition of an embargo on a particular service because the continuation of that service would result in a financial loss is an unlawful practice and that the Commission can annul such an embargo. Cf. Meyers v. Jay Street Connecting Railroad, 2 Cir., 1958, 259 F.2d 532.

The Railroad also complains of the failure of the Commission to make findings relevant and responsive to the facts constituting its reasons for issuing Embargo No. 164. However, we have accepted the facts alleged in the complaint as true and have found that they do not provide a justification for the issuance of the embargo. Therefore, the Commission's failure to make such findings presents no reason for setting aside Service Order No. 938.

Finally, the Railroad claims that, even if the Commission had the power to annul the embargo, that power had not been delegated to Safety and Service Board No. 1 and, therefore, the order of the Board was void and should be set aside. This claim must be rejected for two reasons. First, in reviewing Service Order No. 938, Division Three of the Commission adopted the order as its own. Since Division Three was delegated with "all the jurisdiction and power conferred by law upon the Commission," 26 Fed.Reg. 1964 (March 7, 1961), the order as adopted by Division Three is valid, even if safety and Service Board No. 1 exceeded its jurisdiction in issuing the order. Second, since the Commission has the power to assign any of its work to employee boards, Interstate Commerce Act Section 17(2), 49 U.S.C. A. § 17(2), the Commission alone should determine whether the jurisdiction it has conferred upon such a Board has been exceeded. Thus, if Safety and Service Board No. 1 did exceed the jurisdiction conferred on it by the Commission, this is not an error which the courts can correct and the Railroad's only remedy to correct such an error is a proceeding before the Commission to set aside the order.

The complaint of the Railroad is dismissed.