**J. M. ASBURY, t/a Asbury Coal Company, Plaintiff,**

v.

**The CHESAPEAKE & OHIO RAILWAY CO., Defendant.**

Civ. A. 2043-65.

United States District Court
District of Columbia.

Feb. 9, 1967.

Julian H. Singman, Washington, D. C., for plaintiff.

Doyle S. Morris, Cleveland, Ohio, Robert G. Seaks, Washington, D. C., and Garth E. Griffith, Cleveland, Ohio, for defendant.

OPINION

HOLTZOFF, District Judge.

The Court has before it an action brought by a shipper of freight on the Chesapeake and Ohio Railway Company for a permanent injunction against abandonment of freight service on a side railroad line running from a junction near Jenkins, Kentucky to Pound, Virginia. The service was suspended or discontinued some time ago, so that in effect the action seeks a mandatory injunction for a restoration of the service. This suit is predicated on the provisions of 49 U.S.C. § 1, subsection (18) and subsection (20). The plaintiff moves for summary judgment.

The facts disclosed by the record are as follows. The plaintiff is the owner and operator of a coal mine, who was accustomed to ship coal over the railroad line involved in this action. Some time ago the railroad discontinued service on that line and filed an application with the Interstate Commerce Commission for leave to abandon the operation. That proceeding is still pending. Certain steps have been taken, hearings have been conducted before the Hearing Examiner and a report has been filed by him. The next and final step before the Commission

will be a decision by the Commission itself and a final order on that decision. The order of the Commission would be reviewable by a three-judge District Court.

The present action was brought by the plaintiff, a shipper of freight on the line in question, who had appeared before the Interstate Commerce Commission and objected to the granting of the application for leave to abandon the service. The proceeding before the Commission was instituted first and it was not until several months later that the action in this Court was filed. The substantial issues to be determined in the administrative proceeding and in this action are the same, namely, whether the railroad should be compelled to resume service or whether it should be permitted to abandon it.

The posture of the two proceedings of course differs. In the proceeding before the Commission it was the railway company that petitioned for leave to abandon the service. In this Court this action is brought by the shipper to compel the railroad to resume service.

Admittedly, this railroad line runs through a tunnel and it is not disputed that the tunnel has become unsafe. Operations cannot be resumed on this line until and unless the tunnel is repaired. The repairs would involve a considerable expense. There may be a dispute as to the cost of the needed repairs, but it is not controverted that it would be substantial.

■ While the plaintiff is moving for a summary judgment, the effect of granting such a motion would result in a judgment awarding a permanent injunction against the railroad company, ordering it to repair the tunnel and to resume service. The law does not favor two proceedings being pursued to the same end with the same issues being involved between the same parties. The plaintiff in this action appeared in the proceeding before the Commission and actively protested against the granting of the petition of the railroad. Injunctions are never a matter of absolute right. Equitable considerations must always be weighed by a court of equity in determining whether an injunction should or should not be granted.

■ In this case it is not inconceivable that eventually the proceeding before the Interstate Commerce Commission may result in an order granting leave to the railroad to abandon service. If, in the meantime, this Court orders the railroad to start repairing the tunnel in preparation for resumption of service, the result might be that this Court would be compelling the railroad to spend money improvidently.

The Court is of the opinion that it would be unreasonable for it to grant the relief sought by the plaintiff, in view of the pendency of the proceeding before the Interstate Commerce Commission, which, as a matter of fact, is in its last stages. Learned counsel for the plaintiff suggests that it may be a long time before there can be a final decision in the proceeding before the Interstate Commerce Commission. This fact may be all the more reason why this Court should stay its hand and not require the railway company to spend a large sum of money, which might prove unnecessary if the administrative proceeding is determined in its favor.

In view of all of these considerations the Court is of the opinion that the pendency of the proceeding before the Interstate Commerce Commission should cause the Court to refrain from taking any action that would result in a mandatory injunction against the railroad company at this time.

Accordingly, the plaintiff's motion for summary judgment is denied.

The Court wishes to state that it has been greatly helped and assisted by the very able and thorough arguments on both sides.

A transcript of this oral decision will constitute the findings of fact and conclusions of law.