**J. M. ASBURY T/A Asbury Coal Company**

**v.**

**The CHESAPEAKE AND OHIO RAILWAY COMPANY.**

Civ. A. No. 2043–65.

United States District Court, District of Columbia.

April 21, 1970.

Julian H. Singman, Washington, D. C., for plaintiff.

Robert G. Seaks, Washington, D. C., Doyle S. Morris and G. E. Griffith, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

### I.

This action was commenced by the plaintiff J. M. Asbury, t/a Asbury Coal Company ("Asbury") by petition for an injunction to restrain the abandonment by the defendant Chesapeake & Ohio Railway Co. ("C&O") of certain railroad facilities without first having secured the approval of the Interstate Commerce Commission ("Commission").

The complaint was subsequently amended to include a claim for damages. Injunctive relief having been denied, Asbury v. Chesapeake & Ohio Ry. Co., 264 F.Supp. 437 (D.D.C.1967), it is only that claim for damages which is presently before the Court.

The defendant has moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

### II.

The controlling facts follow.

On January 21, 1965 the defendant C&O applied to the Commission for a certificate of public convenience and necessity under 49 U.S.C. §§ 1(18)–1(20) which would permit the C&O to abandon its branch line between Jenkins, Kentucky and Meade, Virginia. The line utilized a tunnel through Pine Mountain. While the application was pending before the Commission, a C&O inspection team on August 14, 1965 determined that the tunnel was no longer safe due to physical deterioration. It thereupon suspended all operations over the branch line and placed an embargo on all service to and from the branch line. The Commission ultimately granted the C&O's application for a certificate on August 7, 1967, having determined that public convenience and necessity did not warrant the large expenditure of funds ($1.-5 million) necessary to repair the tunnel. Chesapeake & Ohio Railway Company Abandonment Between Jenkins, Kentucky and Meade, Virginia, 331 I.C. C. 889 (1967). That decision was upheld by a three judge court. Asbury v. United States, 298 F.Supp. 589 (W.D. Va.1969).

The plaintiff Asbury was the operator of a coal mine and utilized the branch line to ship his product to market. When the C&O applied for permission to abandon, he appeared before the Commission in opposition. Further, on August 19, 1965, five days after the C&O suspended operations, plaintiff filed for injunctive relief pursuant to 49 U.S.C. § 1(18) (20) to restrain abandonment of the branch line. (As noted he subsequently amended his complaint to include a claim for damages pursuant to 49 U.S.C. § 8). Plaintiff moved for a summary judgment on the injunction petition. The late Judge Alexander Holtzoff, treating plaintiff's motion as a mandatory injunction for restoration of service, denied the relief sought on grounds that the Commission's decision was pending and the Court did not want

to compel the railroad to spend money unnecessarily if the Commission should decide—as it subsequently did—in the railroad's favor. Asbury v. Chesapeake & Ohio Ry. Co., *supra*, 264 F.Supp. at 438. Plaintiff concedes that he cannot now secure injunctive relief and seeks only recovery for damages.

The defendant's motion for summary judgment assumes, for the purposes of the motion only, that there was an unauthorized abandonment of the branch line. Nevertheless, the defendant claims that for a violation of Section 1(18) the only relief available is found in Section 1(20) which grants the Court injunctive power, and that the general enforcement provisions of Section 8 do not apply. Defendant relies upon S. H. & W. Lumber Co. v. California & Oregon Coast R. Co., 154 F.Supp. 152 (D.Or.1957) which held that a Court could not award damages under Section 8 for a carrier's violation of Section 1(18).

The defendant also urges that it has a complete defense to an action for damages for a violation of Section 1(4), alleging that the lawfully imposed embargo on the receipt of further freight after August 14, 1965 suspended any duty on the part of the carrier to provide transportation service. The plaintiff did not move before the Commission to set aside the embargo and it remained in effect until the Commission decision was rendered.

### III.

■ We look first to the claim under 49 U.S.C. § 1(18). The Supreme Court in Powell v. United States, 300 U.S. 276, 57 S.Ct. 470, 81 L.Ed. 643 (1967) spoke to the interplay of Section 1(18) and Section 1(20). *Powell* involved the alleged unauthorized extension of a branch line while this case involves the alleged unauthorized abandonment of a branch line. But both situations arise under and are covered by Section 1(18),

and the Court's reasoning in *Powell* should be applicable equally to either situation. The Supreme Court said:

" * * * (the) sole remedy was a suit under § 1(20). That paragraph provides the *only* method for enforcing § 1(18). It declares that any construction or operation contrary to § 1(18) *may be enjoined* at the suit of the United States, the Commission, the regulating body of the State affected or any party in interest." (Emphasis supplied). Powell v. United States, *supra*, 300 U.S. at 287–288, 57 S.Ct. at 476, 81 L.Ed. at 651.

Thus the Supreme Court has said in effect that while the granting of the injunction is permissive no other relief is available. It is the exclusive remedy. This Court is bound by the Supreme Court's construction of the statute.

### IV.

■ The plaintiff also seeks damages under Section 8 for violation of the carrier's duty under Section 1(4). As noted, upon learning of the deteriorated condition of the tunnel, the C&O placed an embargo on all freight shipments and suspended service. The right of the carrier to determine in the first instance the need of an embargo and the right to place that embargo for the proper conduct of its business is well settled. Pennsylvania R. Co. v. Puritan Coal Mining Co., 237 U.S. 121, 133, 35 S.Ct. 484, 59 L.Ed. 867 (1915); New York Central R. Co. v. United States, 201 F.Supp. 958, 959 (S.D.N.Y.1962); Holt Motor Co. v. Nicholson Universal S.S. Co., 56 F.Supp. 585, 593 (D.Minn. 1944); United States v. Metropolitan Lumber Co., 254 F.2d 335, 348 (D.N.J. 1918); Baltimore Chamber of Commerce v. B&O R. Co., 45 I.C.C. 40, 53 (1917).

■ The embargo notice does not have to be published in the same manner as tariffs are promulgated. The carrier

need only notify the shipper that it is physically unable to accept future shipment. Eastern Railway Co. of New Mexico v. Littlefield, 237 U.S. 140, 145, 35 S.Ct. 489, 59 L.Ed. 878 (1915); Holt Motor Co. v. Nicholson Universal S.S. Co., *supra*, 56 F.Supp. at 592. This was done in the case at bar. The validity or reasonableness of embargoes is usually left to a determination by the Commission. New York Central R. Co. v. United States, *supra*, 201 F.Supp. at 959; New Orleans Traffic & Transportation Bureau v. Mississippi Valley Barge Line Co., 280 I.C.C. 105 (1951). However, pursuant to 49 U.S.C. § 9, the plaintiff here elected not to bring the complaint as to the embargo before the Commission but instead sued in court to recover damages. Having elected the court route, plaintiff could not challenge the embargo before the Commission. Pennsylvania R. Co. v. Sonman Shaft Coal Co., 242 U.S. 120, 37 S.Ct. 46, 61 L.Ed. 188 (1916).

■ However, the plaintiff has not prevailed in court. The embargo being lawfully invoked there are no damages to be recovered. Physical conditions—the deterioration of the tunnel—made it impossible for the C&O to provide transportation service.

### V.

■ The plaintiff, citing J. I. Case Co. v. Borak, 377 U.S. 426, 433, 84 S.Ct. 1555, 1560, 12 L.Ed.2d 423, 428 (1964), has urged the Court, if it decides that *Powell* precludes damages, to fashion an alternative remedy. Under the circumstances of this case the only alternative remedy would be damages. But to award damages against the C&O for failure to restore a tunnel which the Commission has decided need not be restored would result in an unjust and undue burden on the carrier and on interstate commerce.

Motion of defendant for summary judgment is granted.

It is so ordered.