KALO BRICK & TILE COMPANY,
Plaintiff-Appellant,

v.

CHICAGO & NORTHWESTERN TRANS-
PORTATION COMPANY and Jack
Chmeler, Defendants-Appellees.

No. 2–60942.

Court of Appeals of Iowa.

Oct. 18, 1979.

M. Gene Blackburn & John H. Mitchell of
Murray & Blackburn, P.C., of Fort Dodge,
for plaintiff-appellant.

Bruce E. Johnson of Gamble, Riepe, Burt,
Webster & Davis, of Des Moines, for de-
fendants-appellees.

Heard by OXBERGER, C. J., DONIEL-
SON, SNELL and JOHNSON, JJ.

DONIELSON, Judge.

Plaintiff, Kalo Brick and Tile Company,
appeals judgment for defendant, Chicago
and Northwestern Transportation Compa-
ny, in a tort action based on alleged failure
to provide adequate rail service. For rever-
sal, plaintiff asserts the action was not
within the exclusive or primary jurisdiction
of the Interstate Commerce Commission
'(ICC), ICC orders in the abandonment pro-
ceeding are not preclusive of issues present-
ed in the trial court, and a remand order of
the federal district court precludes the de-
fendant from challenging the jurisdiction of
the trial court. We reverse and remand for
a new trial.

Our scope of review is limited to correction of errors at law. Iowa R.App. P. 4.

### I.

In April 1973 defendant-railroad discontinued service on a branch line serving plaintiff's plant after numerous interruptions of service due to earth slides. Plaintiff notified its customers, shortly thereafter, it was going out of business due to its inability to ship by rail. It is undisputed the railroad had not yet made a decision to abandon permanently the branch line. In November 1973, subsequent to plaintiff going out of business, defendant applied to the ICC for permission to abandon the branch line. An ICC order, entered April 30, 1976, directed the issuance of a certificate of abandonment and forbid any abandonment prior to the effective date of the certificate. The April 30 ICC order found plaintiff to be a protestant in default, but a further inquiry by plaintiff's counsel was treated as a petition for reconsideration. In September 1976 the ICC entered an order denying the petition for reconsideration and setting the effective date of the abandonment at 20 days from the date of the service of the order.

Plaintiff brought this action in September 1974. In July 1977 the trial court entered judgment for the defendant, making findings of fact concerning the earth slides and the ICC proceedings. The trial court concluded that the question in the case was the reasonableness of the railroad's abandonment of direct rail service to plaintiff's plant; a question held to be within the jurisdiction of the ICC, not the state court. Further, the defendants were not found to be precluded from challenging the Iowa court's jurisdiction by the federal court's remand order because that order was based on lack of diversity jurisdiction, not the merits of the jurisdictional issue. Finally, the trial court concluded that the ICC's factual determination of the reasonableness of the railroad's abandonment collaterally estopped plaintiff from relitigating that issue. Judgment was entered dismissing the petition.

### II.

■ Plaintiff has moved to strike divisions IV, V, VI, and IX of defendant's brief, asserting those divisions raise issues not assigned as error in its brief and argument or raised by defendant in a cross-appeal. It is plaintiff's contention that defendant is asking in these divisions this court for relief not granted by the trial court. A party that neither appeals nor cross-appeals can have no greater relief or redress on appeal than accorded it by the trial court. *See Bartels v. Hennessey Brothers, Inc.,* 164 N.W.2d 87, 92 (Iowa 1969). *See also In re Marriage of Novak,* 220 N.W.2d 592, 598 (Iowa 1974); *Randolph Foods, Inc. v. McLaughlin,* 253 Iowa 1258, 1277, 115 N.W.2d 868, 879 (1962); *Schlotfelt v. Vinton Farmers' Supply Co.,* 252 Iowa 1102, 1115, 109 N.W.2d 695, 702 (1961). Accordingly, we hold defendant is entitled, if at all, only to the relief accorded by the trial court—dismissal of the action due to absence of jurisdiction. We grant plaintiff's motion to strike divisions IV, V, VI, and IX of defendant's brief.

### III.

■ The starting point of our analysis is whether defendant is precluded from raising the issue of the trial court's jurisdiction following the remand by the federal district court. Defendant removed the case to federal district court by petition for removal. Plaintiff filed a motion to remand and a motion to dismiss was then filed by defendant. The motion to dismiss alleged the federal district court lacked subject matter jurisdiction of the action.

The federal district court remanded the case on jurisdictional grounds because of the absence of diversity of citizenship. This ruling did not decide, however, the state court had jurisdiction but merely that the federal court could not hear the case. Since this issue is separate from the one on appeal, the federal court's ruling is not res judicata and defendant is not precluded from raising the issue of the state court's jurisdiction to hear this case. *Mauer v.*

*Rohde,* 257 N.W.2d 489, 497 (Iowa 1977) (quoting *Schneberger v. United States Fidelity & Guaranty Co.,* 213 N.W.2d 913, 917 (Iowa 1973)). We move to that issue.

## IV.

■ The central and controlling issue in this case is whether the trial court possessed jurisdiction to hear plaintiff's claims, concerning violations of sections 479.3 and 479.-122, The Code 1973, involving a railroad's duty to furnish cars, and tortious interference with plaintiff's business. In resolving this issue, we must first determine whether the Interstate Commerce Act preempts these statutes and the common law on which plaintiff relies for relief. If we conclude the state court has concurrent jurisdiction, we must then decide whether the doctrine of primary jurisdiction is applicable to this case such that the issues presented are exclusively within the jurisdiction of the ICC. After reviewing the arguments and cases cited by the parties, we conclude the Interstate Commerce Act does not preempt state statutory or common law and the doctrine of primary jurisdiction is not applicable to this case.

The Iowa Legislature has imposed on the railroads the unqualified and unconditional duty to furnish car service and transportation to all persons who apply. §§ 479.-3, .122. Defendant argues this statutory duty has been preempted by the Interstate Commerce Act, 49 U.S.C. §§ 1, 8, 9 (1976) (current versions in relevant part at 49 U.S. C.A. §§ 10501, 11705 (Supp.1979)), which rendered invalid state statutes and common law to the extent they purport to regulate railroad car service in interstate commerce.

We do not agree the Interstate Commerce Act preempted the particular sections relied on by plaintiff, but view them as complimentary, alternative means of relief for injured parties.

We find support for our position in cases of the United State Supreme Court and the Iowa Supreme Court. In *Pennsylvania Railroad v. Puritan Coal Mining Co.,* 237 U.S. 121, 35 S.Ct. 484, 59 L.Ed. 867 (1915), the Supreme Court, interpreting the various sections of the Interstate Commerce Act, held that state and federal courts have concurrent jurisdiction, without a preliminary finding by the ICC, of a suit brought by a shipper under state common law against an interstate carrier to recover damages arising out of the latter's duty to furnish cars needed by the shipper. *Id.* at 132; 35 S.Ct. at 488; 59 L.Ed. at 873; *Eastern Railroad v. Littlefield,* 237 U.S. 140, 143, 35 S.Ct. 489, 490, 59 L.Ed. 878, 882 (1915). Focusing on section 22 of the Act, the Court found all remedies existing under state common law are preserved unless they are inconsistent with or interfere with remedies contained in the Act. *Puritan,* 237 U.S. at 130, 35 S.Ct. at 487, 59 L.Ed. at 872–73. The Court discussed the effect of section 22 [1] in the following language:

> That proviso was added at the end of the statute, not to nullify other parts of the act, or to defeat rights or remedies given by preceding sections, but to preserve all existing rights which were not inconsistent with those created by the statute. It was also intended to preserve existing remedies, such as those by which a shipper could, in a state court, recover for damages to property while in the hands of the interstate carrier; damages caused

---

1. The Interstate Commerce Act was revised without substantive change in 1978. Act of Oct. 17, 1978, Pub.L. 95–473, § 1, 92 Stat. 1337. Section 22 was repealed except as it vested in the ICC functions related to the transportation of oil. Act of Oct. 17, 1978, Pub.L. 95–473, § 4(b), (c), 92 Stat. 1466–1470. The revised Interstate Commerce Act, however, contains the following language that substantially retains the effect of sections 22 and 1(17)(a) of the old Act.

    This subtitle [outlining the general jurisdiction of the ICC] does not affect the power of

a State, in exercising its police power, to require reasonable intrastate transportation by carriers providing transportation subject to the jurisdiction of the Commission under this subchapter unless the State requirement is inconsistent with an order of the Commission issued under this subtitle or is prohibited under this subtitle.

49 U.S.C.A. § 10501(c) (Supp.1979). This organizational revision of the Act does not affect our analysis or holding. Act of Oct. 17, 1978, Pub.L. 95–473, § 3, 92 Stat. 1466.

by delay in shipment; damages caused by failure to comply with its common-law duties and the like. But for this proviso to § 22 it might have been claimed that, Congress having entered the field, the whole subject of liability of carrier to shippers in interstate commerce had been withdrawn from the jurisdiction of the state courts, and this clause was added to indicate that the commerce act, in giving rights of action in Federal courts, was not intended to deprive the state courts of their general and concurrent jurisdiction.

*Id.* *See also Pennsylvania Railroad v. Sonman Shaft Coal Co.*, 242 U.S. 120, 123–25, 37 S.Ct. 46, 47–48, 61 L.Ed. 188, 191 (1916). The *Puritan* analysis was subsequently applied in *Illinois Central Railroad v. Mulberry Hill Coal Co.*, 238 U.S. 275, 35 S.Ct. 760, 59 L.Ed. 1306 (1915), to allow recovery under a state statute for a carrier's failure to furnish cars. *Id.* at 281–83, 35 S.Ct. at 763–64, 59 L.Ed. at 1309–10.

In accordance with *Puritan*, the Iowa Supreme Court in *Baird Brothers v. Minneapolis & St. Louis Railroad*, 181 Iowa 1104, 169 N.W. 412 (1917), held that in suits brought for the enforcement of rights concerning interstate commerce but not for specific performance of provisions of the Interstate Commerce Act, an Iowa district court has concurrent jurisdiction with federal courts. *Id.* at 1122, 169 N.W. at 418. The remedy sought to be enforced, the court concluded, did not conflict with the Interstate Commerce Act and no burden was placed on interstate commerce. *Id.* It is clear, then, that remedies existing under state statute or state common law are preserved unless they are inconsistent with or interfere with remedies contained in the the Interstate Commerce Act. *Baird*, 181 Iowa at 1117, 165 N.W. at 416. *See State Public Utilities Commission v. Baltimore & Ohio Southwestern Railroad*, 281 Ill. 405, 412–13, 118 N.E. 81, 84 (1917). As the supreme court in *Baird* stated:

> There is nothing in the [Interstate Commerce Act] the enforcement of which would interfere with or abridge the rights of the shipper in demanding his right to reasonable shipping facilities,

such as are in controversy here and to recover damages. A shipper demanding of the defendant reasonable shipping facilities does not abridge or interfere with, nor is it inconsistent with, the provisions of the Commerce Act.

*Baird*, 181 Iowa at 1117, 165 N.W. at 416.

An analogous case decided by the Iowa Supreme Court is *Chicago, Rock Island & Pacific Railroad v. Linwood Stone Products Co.*, 258 Iowa 1378, 138 N.W.2d 902 (1965). In that case, the supreme court held the Iowa district court had concurrent jurisdiction with the federal court to decide a question involving a counterclaim, based on the railroad's alleged failure to furnish clean cars, in an action by the railroad to recover demurrage on cars. *Id.* at 1382; 138 N.W.2d at 905. The underlying rationale of these cases is that as long as the state statute or common law is not inconsistent with federal law and does not attempt to regulate interstate commerce, state and federal courts have concurrent jurisdiction.

Defendant seeks to distinguish *Puritan* and *Baird Brothers* by pointing out they were decided without a consideration of the effect of the Hepburn Act and contends the case of *Chicago, Rock Island & Pacific Railway v. Hardwick Farmers Elevator Co.*, 226 U.S. 426, 33 S.Ct. 174, 57 L.Ed. 284 (1913), determined the effect of that act on the power of states to regulate car service in interstate commerce. Not only is *Hardwick* inapposite because of its facts, but there is direct authority contrary to such contention.

Specifically, in *Pennsylvania Railroad v. Sonman Shaft Coal Co.*, 242 U.S. 120, 37 S.Ct. 46, 61 L.Ed. 188 (1916), the Supreme Court held that an action for failure to furnish sufficient cars "may be enforced in either a federal or state court without any preliminary finding by the Commission, and this whether the carriers' default was a violation of its common law duty existing prior to the Hepburn Act of 1906, or of the duty prescribed by that act . . . ." *Id.* at 124, 37 S.Ct. at 48, 61 L.Ed. at 191. Moreover, the Supreme Court in *Illinois Central Railroad* stated:

It is true that the *Puritan Case* arose before the passage of the Hepburn Act of 1906; but there is nothing in the amendments introduced by that Act to affect the jurisdiction of the state court in an action such as the present.

238 U.S. at 283, 35 S.Ct. at 763, 59 L.Ed. at 1310.

Lastly, in a case concerning jurisdiction of actions involving the failure to furnish cars, the Illinois Supreme Court stated:

> The law as settled by the Supreme Court of the United States,—the final authority on the question,—is, that a State statute requiring an inter-State carrier to furnish cars at points within the State within a reasonable time is in entire harmony with the Hepburn amendment of the Inter-State Commerce act, and the State and Federal courts have concurrent jurisdiction of actions for a failure to perform the duty . . . .

*State Public Utilities Commission v. Baltimore & Ohio Southwestern Railroad*, 281 Ill. 405, 413, 118 N.E. 81, 84 (1917). These cases unequivocally support the view adopted here that there is no preemption of state law, even after consideration of the Hepburn Amendment.

We find the other cases cited by defendant unpersuasive as they do not address precisely the issue of this case. This is not a question of a regulatory state law in conflict with a federal law. If that were the case, it could not be gainsaid that federal law is supreme, rendering state law void. Rather, this state law is remedial only and exerts no burden on interstate commerce, nor does it interfere with regulatory powers and duties of the ICC. This same line of reasoning is equally applicable to the tortious interference claim as it is a remedy provided by Iowa common law. Statutory and common law grounds relied on by plaintiff's claim for relief are not preempted by the Interstate Commerce Act.

## V.

The rationale supporting our holding that the state court has concurrent jurisdiction with the federal court to hear this case leads us also to conclude the doctrine of primary jurisdiction is inapplicable to this case and there need be no deferral to the ICC. Plaintiff has asserted primarily three grounds for relief: The railroad's violation of statutory duty to furnish cars under section 479.3; the railroad's negligent maintenance of tracks and roadbeds; and tortious inference with conduct of plaintiff's business. Analysis of these questions does not require any administrative expertise; thus deferral to ICC is unnecessary.

The principles underlying the doctrine of primary jurisdiction are set forth in *Far East Conference v. United States*, 342 U.S. 370, 72 S.Ct. 492, 96 L.Ed. 576 (1952):

> [I]n cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over. This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequences to be judicially defined. Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciaries are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.

*Id.* at 745–52, 72 S.Ct. at 494, 96 L.Ed. at 582 (1952).

We find the grounds asserted for relief raise issues of fact coming within the conventional experience of judges and do not require exercise of administrative discretion. *Linwood Stone Products*, 258 Iowa at 1389–90; 138 N.W.2d at 908; *see Johnson v. Chicago, Milwaukee, St. Paul & Pacific Railroad*, 400 F.2d 968, 972 (9th Cir. 1968). Regarding defendant's failure to furnish car service as a violation of section 479.3, we discern no need for the unique administrative expertise of the ICC to decide

whether car service was not provided or the railroad was negligent in its track maintenance. *Linwood Stone Products,* 258 Iowa at 1389–90, 138 N.W.2d at 908. This argument is even stronger when applied to the common law tortious interference claim. *Id.* Nor is there any problem with uniformity, another interest protected by the primary jurisdiction doctrine. This is not a determination of what reasonable service was due plaintiff, but whether reasonable service, as determined by the ICC, was provided. The Iowa district court is in as good a position to adequately decide this as the ICC.

### VI.

Our decision in this case to reverse the trial court's decision and remand for a new trial makes it unnecessary to reach plaintiff's other issue concerning whether an unlawful abandonment occurred.

REVERSED AND REMANDED.

CARTER, J., takes no part.