The PEOPLE OF the STATE OF CALIFORNIA and the Public Utilities Commission of the State of California, Plaintiffs-Appellees,

v.

NORTHWESTERN PACIFIC RAILROAD COMPANY, a corporation; and Southern Pacific Transportation Company, a corporation, Defendants-Appellants.

No. 84–1600.

United States Court of Appeals, Ninth Circuit.

Feb. 13, 1984.

Dissenting Opinion Feb. 17, 1984.

---

Mark Fogelman, San Francisco, Cal., for plaintiffs-appellees.

Michael A. Smith, Ann F. Hasse, Gary A. Laakso, San Francisco, Cal., for defendants-appellants.

## ORDER

Before KENNEDY, PREGERSON and NELSON, Circuit Judges.

Appellants' emergency motion for stay pending appeal is denied.

Appellants have failed to make a showing of probability of success on the merits. The balance of hardship favor the plaintiffs and the public interest supports denial of a stay. The district court did not abuse its discretion in granting a preliminary injunction.

KENNEDY, Circuit Judge, would grant the stay and may file a separate dissent.

KENNEDY, Circuit Judge, dissenting:

The case before us illustrates the danger of district court action in the shadow of a proceeding before an administrative agency. On January 17, 1984, the district court issued a mandatory injunction requiring the railroad to open a rail line which the company proposes to abandon or to discontinue. *See* 49 U.S.C. § 10903, 11505 (Supp. V 1981). Eleven days after the district court's order, on February 7, 1984, the ICC issued a 47 page opinion, with findings that undercut substantially all the bases for the district court's order. The two decisions conflict, and the discrepancy demonstrates that the injunction entered below is far too broad.

The ICC, with a more complete record, more time to study the case, and an institutional expertise in railroad matters, concluded that "the existing record in this proceeding supports discontinuance of operations but not abandonment." *Northwestern Pac. R.R. Co.—Abandonment,* ICC Docket No. AB–14 (Sub-No. 4), slip op. at 47 (Feb. 3, 1984). The conclusion that continuing service is not warranted is in direct conflict with the order of the district court. The ICC has joined with the railroad to request a stay of the injunction for a period of 45 days or so until this court can hear the case on the merits.

It is proper to deny mandatory injunctive relief under 49 U.S.C. § 11505 when a forthcoming ruling by the ICC may render the injunctive relief wasteful. It is an abuse of discretion not to stay such an injunction where the hardships and expense to the railroad are great. *See ICC v. Chicago & North Western Trans. Co.,* 533 F.2d 1025, 1029 (8th Cir.1976); *ICC v. Chicago Rock Island & Pac. R.R. Co.,* 501 F.2d 908, 913–17 (8th Cir.1974), *cert. denied,* 420 U.S. 972, 95 S.Ct. 1393, 43 L.Ed.2d 652 (1975); *ICC v. Baltimore & Annapolis R.R. Co.,* 64 F.R.D. 337 (D.Md.1974); *Commonwealth of Pennsylvania v. Penn Central Trans. Co.,* 348 F.Supp. 28 (M.D.Pa.1972), *aff'd,* 475 F.2d 1394 (3rd Cir.1973); *Asbury v. Chesapeake & Ohio Railway Co.,* 264 F.Supp. 437 (D.D.C.1967).

The state's primary concern relates to environmental matters in the Eel River, which runs alongside the length of the track. The injunction, however, goes beyond environmental matters when it orders resumption of service. Its overbreadth cannot be justified by environmental concerns. The ICC properly noted that it might be

appropriate in case of discontinuance to impose "a requirement that [Northwestern] keep intact the right-of-way and maintain it in a manner necessary to avoid environmental impacts other than those which would be incurred during active rail operation," *Northwestern Pac. R. R. Co.—Abandonment,* ICC Docket No. AB–14 (Sub.–No. 4), slip op. at 47 (Feb. 3, 1984), but we overlook even this limitation as an appropriate modification of the sweeping injunction granted below.

The total estimated cost of the order is an expenditure of $2,000,000 over the next 30 days. One of the expenditures required by the district court is the immediate repair of a railroad tunnel, at a cost of approximately $750,000. There is no demonstrated necessity for the railroad to incur an expense for what may be a useless tunnel without giving our court an opportunity to examine the railroad's substantial case on the merits. Railroads, too, are entitled to a day in court.

Failure of the district court, and of our court, to stay the injunction for six weeks is a serious abuse of discretion by each tribunal. At a minimum, the portion of the district court's order requiring repair of a tunnel that may well be useless could have been delayed for six weeks. And it is inexplicable to me that the court does not at least stay the order and remand to the district court for further consideration in light of the ICC's intervening decision.

I would stay the order of the district court. The panel that hears the appeal on the merits should do so as soon as it assumes jurisdiction of the case, though by then millions of dollars of revenues from a regulated public utility may have been wasted.

I dissent.